ARKANSAS DEPARTMENT OF HUMAN SERVICES
*v.* Diana DONIS et al

83-90                                                    655 S.W.2d 452

Supreme Court of Arkansas
Opinion delivered July 18, 1983

*Carolyn Parham,* for appellant.

*Michael G. Pritchard, Ozark Legal Services,* for appellees.

FRANK HOLT, Justice. Appellee Diana Donis is the mother of appellees Rashana Donis, age 9, and Londa Donis, age 7. The chidlren were awarded damages in a New Mexico court for the wrongful death of their father. That court ordered the proceeds divided equally, placed in savings accounts or certificates of deposit in a bank or savings and. loan association and not be removed without court approval. Their mother was appointed conservator of the property of these children. A portion of these funds has been removed, with court approval, to purchase a house in the names of Rashana Donis and Londa Donis. The present balance in each savings account is $4,800.

The appellant, a state agency, is responsible for the regulation of medicaid and food stamp monies in Arkansas. It upheld the county office and the Fair Hearing Committee's determination that Rashana and Londa were ineligible for these benefits as defined by federal and state regulations. The appellees took a timely appeal to the circuit court pursuant to Ark. Stat. Ann. § 5-713 (Supp. 1981). The court granted the appellees' motion for summary judgment asking for a reversal, finding as a matter of law that the trust funds were inaccessible assets with respect to determining eligibility for the Food Stamp Program and the funds were inaccessible resources with respect to determining eligibility for the Medicaid Program. Therefore, there was no substantial evidence to support appellant's determination that the trust funds were accessible assets or resources pursuant to either the Food Stamp or Medicaid regulations. The appellant contends that these savings accounts are properly counted as assets available to the appellees as beneficiaries of the trusts. However, appellees argue these accounts are unavailable to them, and under the applicable regulations, cannot be properly counted as assets.

With respect to food stamp eligibility, the critical regulation is 7 CFR § 273 (e) (8), which states in pertinent part:

> ... Any funds in a trust or transferred to a trust, and the income produced by that trust to the extent it is not available to the household, shall be considered inaccessible to the household if: ....
> (ii) The trustee administering the funds is either: (A) A court, or an institution, corporation or organization which is not under the direction or ownership of any household member or (B) an individual appointed by the court who has court imposed limitations placed on his/her use of the funds which meet the requirements of this paragraph. ...

The dispute really focuses upon the application or interpretation of the cited subsection of the regulation. It is appellant's position that this subsection concerning trustees has not been met by the terms of the trust and, therefore, the trust funds are accessible. Appellees contend to the contrary. According to N.M. Stat. Ann. § 45-5-420 (1978), the appointment of Diana Donis as conservator vests the title in her as trustee to all the property of the protected persons. Hence, Diana Donis is the trustee of the funds in the savings accounts in the names of Rashana and Londa Donis. No *court imposed limitations* have been placed on *her use* of those funds, other than that she must obtain court permission *to remove* them from the savings accounts. She has not sought the court's permission. The burden is upon her, the applicant, to demonstrate these funds are inaccessible. She has not met the burden of showing that the trust funds are inaccessible within the meaning of subsection ii, 7 CFR § 273 (e) (8), *supra*.

With respect to the eligibility for medicaid, the critical regulation is § 3332.2 (13) of the appellant's Medical Services Manual, which supplements 42 CFR § 436.840. It states in pertinent part: "Whether the principal of a trust is resource depends on its availability to the applicant." As we have stated, the New Mexico court order makes the savings accounts available to the appellees upon approval of a

petition for the removal from the accounts. Furthermore, a beneficiary's interest in a trust can be properly counted for the purposes of determining medicaid eligibility. See *McNiff* v. *Olmsted County Welfare Department,* 176 N.W.2d 888 (Minn. 1970). In the circumstances, it follows that the trial court erred in holding that the savings accounts are not available to the appellees.

Reversed and remanded.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The majority opinion correctly states the law and is accurate in its statement of facts. However, I disagree with the results. To be specific, I think the provisions of 7 CFR § 273 (e) (8) conclusively establish that if a guardian or trustee is appointed by the court, with limitations attached, such funds are inaccessible to the applicant for food stamp eligibility. The mother of these children, Diana Donis, appellee, is not free to withdraw any portion of these funds for the ongoing expense involved in caring for the children. The New Mexico Probate Court specifically stated, under paragraph five of the decree appointing conservators, "That the Conservators are not to remove the moneys from the savings accounts or certificates of deposit without prior approval by Order of the Court." I would assume that the New Mexico court would require a hearing, proof, and some type of showing before an order would be issued. If this is not a "court imposed limitation" on the use of these funds, then I do not know what is.

In a similar case it was held that a beneficiary of a trust fund created from the proceeds of a personal injury claim is not required to apply to the court in order to be eligible for medical assistance. To require an application to the court in such circumstances is arbitrary and capricious. *Buie* v. *Blum,* 435 N.Y.S.2d 550 (1980). The trial court was absolutely correct in holding these trust funds to be inaccessible to the appellees. Therefore, I would affirm.