Bruce COZART, d/b/a Cozart Construction Co.
*v.* Aldridge B. LEWIS

89-78                                         774 S.W.2d 127

Supreme Court of Arkansas
Opinion delivered July 10, 1989

*Hickam & Williams, P.A.*, by: *D. Scott Hickam*, for appellant.

*Friday, Eldredge & Clark*, by: *Laura A. Hensley*, for appellee.

Douglas O. Smith, Jr., Special Chief Justice. The appellee Lewis, pursuant to a solicitation by a representative of Energy Center, contracted with Energy Center for substantial repairs to his home in Little Rock. Energy Center in turn arranged for the appellant, Bruce Cozart, d/b/a Cozart Construction Company (Cozart), to perform a portion of the work, including the removal and replacement of a portion of the roof. All repairs were completed in approximately March of 1985, and both Energy Center and Cozart were paid.

In December of 1986, Lewis noted the roof was leaking and that sheetrock had begun to fall from the ceiling. Both Energy

Center and Cozart were notified and denied responsibility.

Lewis thereafter filed suit against Energy Center alleging negligent workmanship. Energy Center moved to dismiss because it was in Chapter 11 bankruptcy. Lewis thereafter joined Cozart as an additional party defendant alleging negligent workmanship by Cozart. Cozart answered and denied any negligence on its part and affirmatively pled that the work done by Cozart complied with specifications furnished by Energy Center. The specifications referred to were in effect a proposal by Cozart to perform the agreed repairs and required Cozart to complete the work "in a workmanlike manner." Thereafter, Cozart filed a motion for summary judgment wherein he contended he performed the work in a workmanlike manner according to specifications provided by Energy Center and that he was not responsible for any defect in the specifications. A brief was filed with the motion, but no affidavits or other supporting documents were submitted with, or referenced in, the motion or brief.

The motion for summary judgment was denied and the case was tried to the court without a jury. While the record does not reflect any action on the motion to dismiss filed by Energy Center, the judgment does state the claim against Energy Center was discharged in bankruptcy. Lewis offered the testimony of Cozart and himself, together with the testimony of Boyd Miller who had been engaged in repair and remodeling work for many years. The testimony of the witness Miller tended to establish that the repair and replacement of the Lewis roof was improper. Miller's testimony also included evidence as to his bid to complete the necessary repairs to the Lewis residence.

Upon completion of the appellee's case, appellant moved for a directed verdict which was denied, and the appellant thereafter presented brief testimony disputing certain testimony of the appellee Lewis. The trial court found for the appellee Lewis and entered judgment against Cozart in the amount of $2,000.

On appeal, the appellant relies upon three points: (1) the trial court erred in denying the appellant's motion for summary judgment; (2) the trial court erred in denying the appellant's motion for directed verdict on the issue of negligence; and (3) the trial court erred in denying the appellant's motion for directed verdict on the issue of damages.

## POINT I

■■ Appellant contends that the failure of the appellee to respond to the motion for summary judgment, of itself, entitles the appellant to summary judgment, relying on ARCP Rule 56(e). Appellant fails to note that this section of Rule 56 contemplates the filing of affidavits and other documents in support of a motion for summary judgment which was not done in this case. Furthermore, a summary judgment is appropriate only if there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. *Rowland* v. *Gastroenterology Associates*, 280 Ark. 278, 657 S.W.2d 536 (1983). The amended complaint of the appellee Lewis alleges that the appellant was negligent in failing to complete the repairs in a workmanlike manner. The motion for summary judgment and brief in support filed by the appellant constitute no more than a denial of this allegation and do not make a *prima facie* showing that the appellant was entitled to a summary judgment. Therefore, summary judgment was not warranted.

## POINTS II AND III

■ In points II and III, appellant contends the trial court erred in failing to grant his motion for directed verdict on the issue of negligence and on the issue of damages. ARCP Rule 50(a) requires that a motion for directed verdict state the specific grounds therefore. The appellant's brief contains no abstract of the motion for directed verdict and no recitation of the specific grounds therefore as required by Ark. Sup. Ct. Rule 9. The judgment is therefore affirmed for failure to comply with Rule 9. *Jolly* v. *Hartje*, 294 Ark. 16, 740 S.W.2d 143 (1987); *Trout* v. *Mathis*, 289 Ark. 24, 708 S.W.2d 629 (1986).

Affirmed.

HOLT, C.J. , PURTLE, DUDLEY, HAYS, and GLAZE, JJ., not participating.

Special Justices BAY FITZHUGH, THOMAS L. MAYS, RICHARD P. OSBORNE, and JAMES M. PRATT, JR. , join in the opinion.