## ARKANSAS DEPARTMENT OF HUMAN SERVICES
### *v.* ESTATE OF Kimberly Dawn HOGAN

93-337                                858 S.W.2d 105

Supreme Court of Arkansas
Opinion delivered July 12, 1993

*Richard B. Dahlgren*, Office of Chief Counsel, for appellant.

*Daily, West, Core, Coffman & Canfield*, by: *Robert W. Bishop* and *Michael C. Carter*, for appellee.

DAVID NEWBERN, Justice. Two questions are presented in this appeal. The first is whether a probate court may approve a tort claim settlement on behalf of a ward if the settlement

distributes funds to a trust designed not to be a medicaid qualifying trust. The second question is whether a probate court has authority to declare that such a trust is not a medicaid qualifying trust. We affirm the order approving distribution to the trust, but we reverse the order holding that the trust is not a medicaid qualifying trust.

Kimberly Dawn Hogan was born in 1981 with brain dysfunction. In 1988 she was treated surgically at Sparks Regional Medical Center in Fort Smith. Her parents alleged that medical malpractice which occurred in connection with that procedure caused further injury to her brain. A settlement was reached, and Kimberly's mother was appointed guardian of her estate by the Probate Court which was asked to approve the settlement.

The settlement was approved, and it included an escrow for liens including one asserted by the appellant, Arkansas Department of Human Services (DHS), for medicaid funds previously expended on Kimberly's care. The settlement also included a provision for creation of a trust for Kimberly's benefit with the malpractice defendants' insuror as "trustor" and a Fort Smith bank as trustee. It is a "special needs trust" designed to assure that the funds contained in it are not to be available to Kimberly for the sort of expenses covered by medicaid and thus not to be considered in determining her eligibility for medicaid. *See Eligibility for Welfare Benefits as Affected by Claimant's status as Trust Beneficiary,* 21 A.L.R. 4th 729 (1983); *Special Trusts for Asset Preservation Planning,* 132 *Trusts & Estates* 62 (1993).

The trust instrument provided the funds were to be used for Kimberly's care but were, "intended to be utilized for those special needs in excess of those public and private funds that are available and not in any way intended to replace them or to affect her eligibility for said funds."

In its order approving the settlement the Probate Court stated the amount settled on Kimberly was intended by the parties to

> supplement the costs and expenses she incurs . . . in excess of what is available to her from public, quasi-public, and private contributions . . . . The net funds are not provided

in order to repay any benefits which have been provided . . . and are not intended to take the place of any benefits payable to her in the future from . . . medicaid . . . . These funds . . . are not [to] . . . affect Kimberly's eligibility for said funds.

DHS, which had been notified of the guardianship proceeding, but not, in writing at least, of the settlement hearing, intervened to take exception to the Probate Court approval of a settlement purporting to have an effect on a determination of medicaid eligibility which it contended was to be an administrative decision subject to circuit court review.

At a hearing where DHS, the trustee bank, and the guardian were present, DHS argued the Probate Court lacked jurisdiction to determine whether the trust was a "medicaid qualifying trust," *i.e.,* one which was not immune from consideration when determining funds available to Kimberly when determining her future eligibility for medicaid assistance. *See* 42 U.S.C. § 1396a(k).

The Probate Court then issued a further order containing the following:

[T]he court has determined and hereby finds that the Trust is not a medicaid qualifying trust and the funds in the Trust are not available for and cannot be utilized for the provision of services which are obtainable from other sources, including medicaid provided services.

We agree with DHS that the Probate Court had no authority to make that decision.

### 1. Jurisdiction

In addition to arguing that jurisdiction to determine whether a trust is a medicaid qualifying trust is reserved by federal and state law to the administrative process, DHS argues the Probate Court exceeded the powers conferred upon it by the Constitution and statutes, and we agree.

The jurisdiction of probate courts is established by Ark. Const. art. 7, § 34, and it includes "matters relative to . . . guardians, and persons of unsound mind and their estates, as is now vested in courts of probate, or may be hereafter prescribed by law." Arkansas Code Ann. § 28-65-107(a) (1987) repeats the

provision for exclusive jurisdiction of probate courts in matters of guardianship, and § 28-65-302(7) provides specifically that a guardian, with probate court approval, may consent to a settlement of a claim by the ward. The authority of a probate court with respect to approval of tort claim settlements on behalf of guardians is further elaborated in § 28-65-318 (1987). Probate courts are, however, courts of limited and specific jurisdiction, and they have only the powers conferred by the Constitution or by statute or powers necessarily incidental to those specifically granted. *Carpenter* v. *Logan,* 281 Ark. 184, 662 S.W.2d 808 (1984).

Kimberly's estate responds to the jurisdictional argument by contending that the determination that the trust was not a medicaid qualifying trust was necessary to the decision approving the settlement. It also contends it was proper for the Probate Court to decide that question because the issue was injected by DHS.

### a. Necessity

In support of its argument that it was necessary for the Probate Court to include in its order a holding that the trust was a medicaid qualifying trust Kimberly's estate cites *Alexander* v. *First National Bank of Fort Smith*, 275 Ark. 439, 631 S.W.2d 278 (1982). In that case we held the Probate Court had the authority to determine, in the course of approving the distribution of assets of an estate, whether there had been a family settlement agreement. We affirmed the Probate Court's holding that there was no family settlement agreement. Had it been held to the contrary, the initial distribution of the estate would have been directly affected. It was thus necessary for the Probate Court to make a determination whether there had been a family settlement agreement to accomplish its task of distribution of the assets.

Kimberly's estate makes no showing that a decision whether the trust is a medicaid qualifying trust had any effect on the manner in which the assets created by the settlement were distributed. The initial determination as to Kimberly's medicaid qualification occurred months before the decision distributing the settlement fund and, as Kimberly's estate points out in connection with the next subpoint, the question about the nature of the trust

was stimulated by DHS's objection to the trust and the settlement after its initial approval. We cannot say the decision of that issue was necessary to the Probate Court approval of the settlement. When a probate court acts without authority in a matter ancillary to one it properly considers, its decision on the ancillary question is void. *Poe* v. *Case,* 263 Ark. 488, 565 S.W.2d 612 (1978).

### b. Injection of the issue

When the question is one of subject matter jurisdiction, it does not matter how it arises; it may be raised for the first time on appeal, *Hilburn* v. *First State Bank of Springdale,* 259 Ark. 569, 535 S.W.2d 810 (1976), and we can raise it on our own. *Arkansas Savings & Loan Ass'n Board* v. *Corning Savings & Loan Ass'n,* 252 Ark. 264, 478 S.W.2d 431 (1972). The parties to an action may not confer subject matter jurisdiction on the court, *McCraw* v. *Simpson,* 203 Ark. 763, 158 S.W.2d 655 (1942), thus it does not matter that DHS seemed to be seeking an answer to the question whether the trust was a medicaid qualifying trust.

We reverse the Probate Court's order of January 4, 1993, and its holding that the trust is not a medicaid qualifying trust.

### 2. Settlement terms

DHS has given us no reason to reverse the order approving the settlement terms. Presumably the determination of the effect upon continued medicaid eligibility of the provisions of the trust and settlement order of which DHS complains will be made in another forum. *See Arkansas Dept. of Human Services* v. *Donis,* 280 Ark. 169, 655 S.W.2d 452 (1983).

DHS concedes that the Probate Court has not decided Kimberly's eligibility for medicaid. Just as in *In Re Porter,* 298 Ark. 121, 765 S.W.2d 944 (1989), that issue was not before the Probate Court.

The decision of the Probate Court approving the settlement is affirmed. The decision of the Probate Court that the trust created by the settlement is not a medicaid qualifying trust is reversed.

Affirmed in part and reversed in part.