STROUD CROP, INC., Howard Miller,
d/b/a Miller Ins. Agency, Agent for Stroud Crop, Inc.,
and Ins. Co. of the Prairie States *v.*
Chip HAGLER & Crandal Hagler,
d/b/a Cypress Creek Farms

93-1233                                             875 S.W.2d 851

Supreme Court of Arkansas
Opinion delivered May 23, 1994
[Rehearing denied June 20, 1994.]

*Henke, Heaton & Bufkin*, by: *W. Kurt Henke* and *Wendell
L. Hoskins II*, for appellant.

*Shaver & Smith, P.A.*, by: *Tom B. Smith*, for appellee.

TOM GLAZE, Justice. The appellees, Chip and Crandal Hagler, operated a farm in White County known as Cypress Creek Farms Partnership. On March 30, 1990, the Haglers applied for Multi-Peril Crop Insurance (MPCI) from the appellants, Stroud Crop, Inc. (Stroud) and Insurance Company of the Prairie States (ICOPS). The policy was sold by appellant Howard Miller, a local independent insurance agent. In July, 1990, a policy was issued on Farm Serial Number (FSN) 1431 and its coverage was based on Agricultural Stabilization and Conservation Service (ASCS) Form 476, giving program yield at 2607 pounds of rice per acre on 617.4 acres. Because the Haglers did not have adequate production history on this farm, the yield for insurance purposes was based on a Transition Yield Basis or T yield.[1] According to the farm's history, an adjusted payment yield was determined to be 3419 pounds per acre. This adjusted yield was provided under ASCS Form 477 and calculated according to the Food Security Act of 1985.

Upon issuance of the policy, the Haglers were given a Schedule of Insurance setting out the amount of acreage insured as 671.4, the level of coverage as 65%, the price guarantee of $0.07 per pound, and the production guarantee of 2607 pounds of rice per acre. During this time, the Haglers learned that other farmers working land with the same ASCS FSN were also insured through the MPCI program through a different insurance company, but were receiving higher production guarantees.

The Haglers sustained an insurable loss on their 1990 rice crop and filed a claim on 581.4 acres. The appellants paid the

---

[1]Under the terms of MPCI policies, farmers are given a guaranteed pay out based on either actual production history (APH) or transitional yields (T yields). To establish an APH, a farmer must have ten years of experience on the insured farm. Farmers who do not have a sufficient history to qualify for APH are insured on a T yield basis that is taken from the program yield assigned by the USDA, Agriculture Stabilization and Conservation Service (ASCS).

claim in the amount of $22,713[2], but the Haglers refused to accept this payment until they were assured that their claim for additional coverage would not be barred by acceptance of the check. After attempting to negotiate the draft, the check was returned as stale, and the Haglers paid $186.58 interest on money borrowed to replace the amount until the check cleared.

On March 5, 1992, the Haglers filed suit for breach of contract, alleging the claim should have been paid on an effective yield of 3419 pounds per acre rather than on the 2610 pounds per acre actually paid. The Haglers claimed a loss in compensatory damages of $21,349.50 for the difference in calculation, $186.68 for interest on the amount borrowed to cover the dishonored check, and requested attorney's fees and costs, and penalties for breach of insurance contract. Following trial, the jury rendered a verdict for the Haglers and awarded them $21,536.18. Of that award, $21,349.50 was for the lost indemnity under the MPCI policy and $186.68 for the lost interest. The Haglers filed a motion for attorney's fees, costs and interest. The court awarded the Haglers $9204.25 for attorney's fees and $119.16 in costs, but declined to award interest and assess penalties. The appellants filed motions for JNOV and a new trial which were denied. The appellants appeal the jury verdict, the award of attorney's fees and cost, and denial of their post-trial motions.

■ Unfortunately, we are unable to reach the merits of this case, and must affirm based on the insufficiency of the appellants' abstract under Sup. Ct. R. 4-2(b)(2). In reviewing the abstract, it is apparent that all of the documents in the transcript that are necessary for an understanding of the questions presented in this appeal are not abstracted. Specifically, the abstract of

---

[2]The payment to the Haglers was calculated as follows:

```
   985,473 lbs., production guarantee
 - 660,823 lbs., Haglers' actual production
   324,650 lbs.
   x$0.07/lb., price guarantee
$ 22,725.50
       x1.00, % of ownership
$ 22,726.00 (apparently the appellants rounded up)
    - 13.00, premium credit
$ 22,713.00
```

record fails to reflect any of the following pleadings and documents: the Multi-Peril Crop Insurance policy issued to the Haglers, ASCS 476 and 477 forms, a M-8 Manual, the Haglers' motion for attorney's fees and costs, and the appellants' response to the Haglers' motion for attorney's fees and costs. The abstract of the appellants' post-trial motion for a new trial or alternatively a motion for judgment notwithstanding the verdict, and the order denying the post-trial motions are so incomplete as to convey absolutely no information to this court, other than to show the motions and the order exist. The parties' exhibits introduced at trial have also not been abstracted although they were alluded to and relied upon by witnesses at trial and by counsel in their arguments on appeal.[3]

■■ Even more fatal to the appellants' appeal is their failure to abstract their motions for directed verdict. On appeal, the appellants attack the sufficiency of the evidence. In order to preserve their sufficiency of the evidence argument for this court's consideration, a motion for directed verdict must have been made at the close of the plaintiffs' case-in-chief, and again at the conclusion of all the evidence. ARCP Rule 50(a) and (e). And Rule 50(a) requires that a motion for directed verdict state the specific grounds upon which it seeks such relief. *Cozart* v. *Lewis*, 299 Ark. 500, 774 S.W.2d 127 (1989). Because the appellants' brief contains no abstract of the motions for directed verdict and no recitation of the grounds for such relief, we affirm for failure to comply with Sup. Ct. R. 4-2(b)(2). *Id. See also Antegon Indem. Corp.* v. *Bull*, 311 Ark. 61, 842 S.W.2d 1 (1992).

■ As this court has written numerous times, we will not go to the single transcript. Our review of the case on appeal is limited to the record as abstracted in the briefs, not upon the one transcript, since there are seven judges involved in the appellate decision-making process. *Davis* v. *Peeples*, 313 Ark. 654, 857 S.W.2d 825 (1993); *Mills* v. *Holland*, 307 Ark. 418, 820 S.W.2d 63 (1992).

For the above reasons, we affirm.

---

[3] Appellees did make brief one or two line references to three exhibits and where those exhibits were located in the transcript.