Roger D. FLEMENS and Nancy Flemens *v.* Glen D. HARRIS

94-245                                                    893 S.W.2d 783

Supreme Court of Arkansas
Opinion delivered February 27, 1995
[Rehearing denied March 27, 1995.]

*Wright, Chaney, Berry & Danie, P.A.*, by: *Don P. Chaney*, for appellants.

*Wood, Smith, Schnipper & Clay*, by: *Philip M. Clay* and *Lynn Williams*, for appellant.

ROBERT L. BROWN, Justice. The appellants in this case, Roger D. Flemens and Nancy Flemens, appeal an order granting summary judgment to appellee Glen D. Harris because the Flemenses' complaint for negligence was filed outside of the time of the applicable statute of limitations. Because the record on appeal fails

to reflect any disposition of the complaint filed by the Flemenses against a party defendant, Shelter Life Insurance Company, we dismiss the appeal for lack of finality under Ark. R. Civ. P. 54(b).

In the summer of 1988, Glen Harris was an insurance agent for Shelter Life in the town of Dierks. He had passed his state licensure examination in June 1988. On August 8, 1988, Harris sold Roger Flemens several insurance policies on behalf of Shelter Life, including a disability insurance policy. Roger Flemens's wife, Nancy Flemens, was the named beneficiary under that policy which, upon her husband's disability, would pay her $1,000 a month.

On December 15, 1988, Roger Flemens had a car accident in which he experienced back injuries. He applied for disability benefits under his policy with Shelter Life and initially received one payment in the amount of $233.33 by check dated February 7, 1989, for his disability during the last two weeks in December 1988. On March 21, 1989, Shelter Life then discovered what it described as a "problem" with the policy and stopped paying benefits. Shelter Life contended that Roger Flemens had misrepresented his annual earned income on the application form as being too high. On December 13, 1991, the Flemenses filed a complaint against Harris and Shelter Life and alleged that Harris was negligent in completing the insurance application for Roger Flemens which provided Shelter Life with "an excuse" not to pay benefits. The complaint further alleged that Shelter Life had failed and refused to pay the benefits due and owing, despite demand.

The parties on appeal have advised this court that Shelter Life was dismissed from this litigation due to settlement, but there is no order in the record of this appeal showing that Shelter Life was dismissed as a party defendant. An Abstractor's Note was included in the Flemenses' brief in this appeal to the effect that Shelter Life "was dismissed early on in this litigation." Appellee Harris confirmed that fact in his brief and added that Shelter Life "was dismissed after a settlement and compromise which required a payment from Shelter to the Appellants of $125,000." The only reference in the record to Shelter Life's status, however, is the following statement in Harris's brief before the trial court in support of his motion for summary judgment:

> It is first important to ask the court to note that the only issue remaining and pertaining to the parties in this action, Roger Flemens, Nancy Flemens and Glen Harris, is an action for contended negligence on the part of Defendant Harris in the handling of Plaintiff's application for disability insurance. The independent action, which Plaintiff Roger Flemens has filed against Shelter Insurance Company in the Circuit Court of Pike County, Arkansas, and subsequently removed to the United States District Court for the Western District of Arkansas has been settled and compromised between the parties.

But that reference in the record and those statements in the parties' briefs on appeal fall short of a court order which specifically disposes of the claim against Shelter Life.

At oral argument of this matter, counsel for the parties stipulated that Shelter Life had indeed been dismissed from the lawsuit, and counsel for appellee Harris informed the court that his firm had also been counsel for Shelter Life in the trial court. Nevertheless, we decline to reach the merits of this appeal because there is no court order dismissing the complaint against Shelter Life. *Cortese* v. *Atlantic Richfield*, 317 Ark. 207, 876 S.W.2d 581 (1994); *Martin* v. *National Bank of Commerce*, 316 Ark. 83, 870 S.W.2d 738 (1994). In *Cortese* v. *Atlantic Richfield, supra*, the record on appeal did not reflect what had happened regarding some 20 defendants. We declined in that case to rely on the recollections of counsel for both the appellant and appellees at oral argument about what had happened to those 20 defendants in the trial court, and we dismissed the appeal. We consider the *Cortese* decision to be precedent for the case before us. Consistency demands that we require more than the recollections of counsel in the case before us.

Nor is there a certification in the trial court's order which would permit a piecemeal appeal under Rule 54(b). *Id.* Failure to dispose of all claims or all of the parties is a jurisdictional matter which we are obligated to raise on our own. *Maroney* v. *City of Malvern*, 317 Ark. 177, 876 S.W.2d 585 (1994). Parties may not consent or stipulate for the purpose of establishing subject matter jurisdiction in a particular court. *Arkansas Department of Human Services* v. *Estate of Hogan*, 314

Ark. 19, 858 S.W.2d 105 (1993); *Waddle* v. *Sargent*, 313 Ark. 539, 855 S.W.2d 919 (1993).

We dismiss the appeal without prejudice.

GLAZE and ROAF, JJ., dissent, would reach the merits of the appeal.