John L. KEARNEY
*v.* COMMITTEE ON PROFESSIONAL CONDUCT

94-1399                                          897 S.W.2d 573

Supreme Court of Arkansas
Opinion delivered May 22, 1995

*Appellant*, pro se.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, by: *John S. Cherry, Jr.*, and *Derek J. Edwards*, for appellee.

TOM GLAZE, Justice. Several complaints were filed against appellant John Kearney. First, James M. Guffy claimed Kearney mishandled a quiet title action, and in doing so, violated Model Rules of Professional Conduct 1.1, 1.3, 1.4(a), 3.4(c) and 8.4(d). The second and third complaints were referrals by per curiam to the Professional Conduct Committee from this court in cases where Kearney petitioned for rule on the clerk for belated appeals. *Britton* v. *State*, 314 Ark. 469, 861 S.W.2d 551 (1993); *Garrett* v. *State*, 314 Ark. 470, 861 S.W.2d 550 (1993). All three complaints were consolidated for hearing before the Committee. Mr.

Kearney brings this appeal from the Committee's May 26, 1994 decision wherein it suspended his license for six months.

Kearney lists six points for reversal which we are unable to address because of his flagrantly deficient abstract. Ark. Sup. Ct. R. 4-2(b)(2). The transcript itself contains only 62 pages, and Kearney fails to abstract thirteen pages of it, including the Committee's findings, the Committee's May 26, 1994 letter decision and the notice of appeal. In addition, significant and relevant information contained in exhibits introduced below have not been abstracted.

Specifically, we point out that, in his argument on appeal, Kearney challenges the Committee's findings that he had violated certain Model Rules when representing Garrett and Britton in their belated appeals. However, he fails to abstract those findings or what sanctions were imposed for those violations. In addition, Kearney's abstract only reflects he has appealed the Committee's May 26, 1994 decision which suspended his license. Whether the Garrett and Britton claims were considered in the Committee's suspension of Kearney's license is not clear, since we do not have the Committee's findings and decision before us.

Next, Kearney also argues the Committee erred in admitting into evidence an informal list of nine prior sanctions, but he fails to abstract that list. Aside from Kearney's failure to abstract these prior sanctions, he also does not abstract that part of the transcript where his counsel forewent any objection to the admission of those prior violations.

Another example of Kearney's abstract concerns his contest of Guffy's affidavit and the Committee's consideration of it. Below, Kearney objected to Guffy's affidavit because it was not notarized, but on appeal, he claims that, because Guffy failed to appear at the hearing, Kearney was denied the due process right to cross-examine him. Again, Kearney fails to abstract Guffy's affidavit and attached pleadings and exhibits even though these items are the focus of his point for reversal on appeal. We should also note that, at the Committee's hearing, Kearney lodged no objection or obtained no ruling concerning his due process (inability to cross-examine) argument.

And finally, we mention Kearney's argument that the

penalties imposed were greater than warranted by the circumstances. As previously mentioned, the transcript itself reflects prior sanctions against Kearney were considered at the penalty stage of this proceeding, but, again that portion of the transcript was not abstracted. As this court has written numerous times, we will not go to the single transcript. Our review of the case on appeal is limited to the record as abstracted in the briefs, not upon one transcript, since there are seven judges involved in the appellate decision-making process. *Stroud Crop, Inc.* v. *Hagler*, 317 Ark. 139, 875 S.W.2d 851 (1994).

Concerning the severity-of-sanction issue, we also reiterate Kearney's failure to abstract the Committee's May 26, 1994 letter decision that related contested factual questions. The Committee noted Kearney never answered interrogatories in the proceeding in which he represented Guffy even though a court had ordered Kearney to do so. The Committee's letter further related Guffy said that he had incurred a $1,500 judgment due to Kearney's actions or inactions, and while Kearney agreed to pay the judgment, he did not do so. Kearney's failure to abstract that part of the record bearing on his decision not to comply with a court order is clearly relevant to the severity of the sanctions the Committee may have considered and imposed against him. Also, while Kearney testified he rectified Guffy's problem by paying the $1,500 judgment, it is relevant to know the Committee considered Guffy's statement that Kearney never paid the judgment.[1]

Where the appellant fails to abstract the pleadings, exhibits, orders and final judgment necessary to an understanding of all questions on appeal, the appellate court cannot reach the issues it is asked to decide. *Jolly* v. *Hartje*, 294 Ark. 16, 740 S.W.2d 143 (1987). Because Kearney's abstract is so deficient in omitting relevant parts of the transcript needed in order to consider the arguments raised on appeal, we affirm for failure to comply with Ark. Sup. Ct. R. 4-2(b)(2).

---

[1] At the hearing, Kearney testified he paid $1,500 in cash to Guffy's son-in-law and obtained a signed receipt, but Kearney said he could not locate the receipt.