HARDY CONSTRUCTION COMPANY, Inc. *v.* ARKANSAS STATE HIGHWAY AND TRANSPORTATION DEPARTMENT

96-67                                        922 S.W.2d 705

Supreme Court of Arkansas
Opinion delivered May 28, 1996
[Petition for rehearing denied July 1, 1996.*]

*DUDLEY, J., not participating.

*Rose Law Firm*, by: *John A. Davis III*, for appellant.

*Robert L. Wilson*, Chief Counsel, *Mark J. Whitmore*, and

*Lawrence W. Jackson,* for appellee.

ROBERT L. BROWN, Justice. Appellant Hardy Construction Company, Inc., appeals the chancery court's dismissal of its petition for the appointment of an arbitrator and raises four points for reversal: (1) the chancery court was required by statute to appoint an arbitrator; (2) the arbitrators decide procedural matters, not the courts; (3) the chancery court has jurisdiction to enforce the arbitration clauses at issue; and (4) sovereign immunity is no defense to the petition by Hardy Construction. We agree with Hardy Construction that the chancery court had subject-matter jurisdiction, but we affirm the decision of that court because of the insufficiency of the abstract.

In 1987, Hardy Construction entered into a contract with appellee Arkansas State Highway and Transportation Department to construct a project designated as Missouri Street overpass in West Memphis. In 1989, the same parties contracted for Hardy Construction to construct a second project, also in West Memphis, designated as the West Memphis Interchange at Interstate Highway 55. Both contracts provided that any disputes would be settled by arbitration.

The two contracts provided with respect to arbitration that each party would appoint a member to serve on the arbitration panel. Those two arbitrators would then select a third member. The provision further states:

> If such arbitrators are unable to agree upon the third member of the Board of Arbitration within ten (10) calendar days after their appointment, application may be made by either party to the Chancery Court of Pulaski County within ten (10) calendar days for such purpose, and the court shall, on or before ten (10) calendar days thereafter[,] appoint a disinterested party to serve as the third member of said Board of Arbitration.

The contracts further provided that prefatory to arbitration any disputes must be submitted to the resident engineer and, if unsuccessful, then appealed to the Chief Engineer of the Highway Department for final decision. Within 20 days of an unfavorable decision, a party could request arbitration. Thus, according to the contracts, the party requesting arbitration first had to exhaust all remedies within the Highway Department.

Disputes arose over the final estimates of compensation due Hardy Construction on both projects. On June 21, 1995, Hardy Construction gave notice of arbitration and designated its arbitrator for the arbitration process. On August 4, 1995, Hardy Construction filed its Petition for Appointment of Arbitrator. In that petition, Hardy Construction asserted that the Highway Department had refused to select its arbitrator and was frustrating the arbitration process under both contracts. Hardy Construction further prayed that the chancery court appoint the third arbitrator in accordance with the contracts so as to move the process along.

On August 28, 1995, the Highway Department moved to dismiss the petition in separate motions for each job. (Both motions are substantially the same and are treated as one for purposes of this opinion.) The Department urged in its motion that the petition failed to show that the chancery court had jurisdiction over the subject matter and further that Hardy Construction had failed to allege that it had exhausted administrative remedies under the contracts by submitting the dispute to the Department's engineers. Finally, the Department cited sovereign immunity as grounds for dismissal. On September 5, 1995, Hardy Construction amended its petition to add a paragraph to state "that all conditions precedent have been performed ...." On October 16, 1995, the chancery court concluded in part:

> Plaintiff has appointed an arbitrator; however, the defendant has not appointed an arbitrator, because it contends plaintiff has not followed the administrative procedures under the contract. Therefore, there is no situation where the two arbitrators appointed by the parties are unable to agree on a third arbitrator, and, *under the terms of the contract*, that is the only provision for court intervention.

> Plaintiff amended its petition on September 5, 1995; however, it still does not request any relief in this court that is cognizable in equity. It is simply trying to get this court to appoint a third arbitrator, and the provisions for that contingency have not occurred. Since plaintiff is asking this court to perform a duty that is not provided for in the contract, it is attempting to modify the terms of the arbitration provisions. At the hearing, plaintiff contended that it was asking for specific performance; however, its pleadings have not been amended, nor have any additional parties been named.

It is axiomatic that the State cannot "be made a defendant in any of her courts." Article 5, Section 20, Constitution of Arkansas.

The chancery court ordered that the petition be dismissed under Ark. R. Civ. P. 12(b)(6).

## I. Jurisdiction

■ The issue of subject-matter jurisdiction raised by the Highway Department is paramount and must be addressed first. Under the Uniform Arbitration Act, codified at Ark. Code Ann. § 16-108-201 *et seq.* (1987), the following section is found:

> The term "court" means any circuit or chancery court of this state. The making of an agreement described in § 16-108-201 providing for arbitration in this state confers jurisdiction on the court to enforce the agreement under this subchapter and to enter judgment on an award thereunder.

Ark. Code Ann. § 16-108-217 (1987). The contract provision set forth above in this opinion alludes to jurisdiction in Pulaski County Chancery Court. While it is true that the parties may by agreement consent to personal jurisdiction in a given court, subject-matter jurisdiction cannot be conferred merely by agreement of the parties. *See, e.g., Flemens v. Harris,* 319 Ark. 659, 893 S.W.2d 783 (1995); *Arkansas Dep't of Human Servs. v. Estate of Hogan,* 314 Ark. 19, 858 S.W.2d 105 (1993); *Nelms v. Morgan Portable Bldg. Corp.,* 305 Ark. 284, 808 S.W.2d 314 (1991). Thus, if subject-matter jurisdiction is appropriate, the parties may agree on the appropriate court in which to resolve disputes.

■ Hardy Construction argues that subject-matter jurisdiction is appropriate in chancery court because the relief requested is akin to a mandatory injunction to enforce the contract or, alternatively, to specific performance of the contract provision relating to court appointment of an arbitrator. Specific performance is an equitable remedy cognizable only in equity. *Arkansas State Employees Ins. Advisory Comm. v. Estate of Manning,* 316 Ark. 143, 870 S.W.2d 748 (1994). Although there is no case in Arkansas that specifically addresses whether the chancery court has jurisdiction to act to enforce an arbitration agreement pursuant to statutory authority, foreign jurisdictions have treated these actions as ones for specific performance of a contract to arbitrate. *See Annapolis Professional*

*Firefighters Local 1926, IAFF, AFL-CIO* v. *City of Annapolis*, 100 Md. App. 714, 642 A2d 889 (1994) *(dictum)*; *Trubowitch* v. *Riverbank Canning Co.*, 30 Cal. 2d 335, 182 P.2d 182 (1947); *see also* 4 Am. Jur. 2d *Alternative Dispute Resolution* § 113, p. 158 (1995).

For example, in *Annapolis Professional Firefighters Local 1926, IAFF, AFL-CIO, supra,* the Maryland Court of Special Appeals addressed by way of *dictum* the power of a court of equity to appoint an arbitrator under the Uniform Arbitration Act when the agreed method failed or otherwise could not be followed:

> Although this power, under the Act, is a statutory one, it is not foreign to or inconsistent with the general equitable jurisdiction of a circuit court.[1] Equity courts have long had the power, for example, when specifically enforcing agreements, to appoint trustees to carry out their decrees when a party proves recalcitrant or when otherwise necessary to implement the agreement.

*Annapolis Firefighters,* 642 A.2d at 895.

To support its argument that the chancery court did not have subject-matter jurisdiction, the Highway Department directs our attention to *Bates* v. *Bates,* 303 Ark. 89, 793 S.W.2d 788 (1990). In that case, this court reiterated that the General Assembly is without authority to expand the jurisdiction of chancery courts beyond that granted by the 1874 Arkansas Constitution. *Bates,* 303 Ark. at 91, 793 S.W.2d at 790. In *Bates,* we held specifically that the General Assembly could not expand the chancery court's jurisdiction to include areas of criminal law. The *Bates* case, though, is distinguishable from *Annapolis Firefighters* and the instant case because the latter situations add nothing to a court of equity's traditional responsibilities to specifically enforce agreements to arbitrate under certain circumstances.

Though Arkansas does not have a precise case in point, an analogous situation arose in *Arkansas Cotton Growers Coop. Ass'n* v. *Brown,* 168 Ark. 504, 270 S.W. 946 (1925). In *Brown,* we interpreted the Cooperative Marketing Act, including a provision of the Act which gave the Association the right to seek an injunction in

---

[1] Circuit courts in Maryland sit as courts of law and courts of equity. Md. Courts & Judicial Proceedings Code Ann. § 1-501 (Repl. 1995).

equity against a member "to prevent the further breach of the contract and to a decree of specific performance thereof." *see* 1921 Ark. Acts 116, § 17, codified at Ark. Code Ann. § 2-2-419 (a)(1) (Repl. 1996). We stated in *Brown*:

> It is contended that the chancery court does not possess jurisdiction to prevent a breach by injunction and thereby compel specific performance of the contract. The statute creating the association contains an express provision for such relief, but it is contended that this statute constitutes an attempt to enlarge the jurisdiction of the court, which is beyond the power of the lawmakers. We do not agree to this view, for it has always been within the jurisdiction of courts of equity to grant relief where legal remedies are inadequate, and it is evident that, by reason of the peculiarity of the co-operative marketing plan, any legal remedy would be wholly inadequate. The only remedy at law would be a suit to recover damages, but this remedy is inadequate, for the reason that the recovery of damages for a failure to deliver cotton would not repair the injury done if a substantial number of the members should refuse to deliver cotton.

168 Ark. at 521-522, 270 S.W. at 953.

■ It is clear that the chancery court had jurisdiction to enforce the contracts in this case pursuant to the Uniform Arbitration Act.

## II. Abstract

We turn then to a consideration of the abstract presented by Hardy Construction and whether it presents us with enough information to enable us to decide the points raised on appeal. We conclude that it does not.

Hardy Construction's first point is that the Uniform Arbitration Act, as codified in part at § 16-108-203, authorizes a party to petition the court to appoint one or more arbitrators "if the agreed method fails or for any reason cannot be followed." Here, according to Hardy Construction, that is exactly what transpired because the agreed method has failed. Our problem with this argument is that there is nothing in the abstract to indicate § 16-108-203 was argued to the chancery court or that a ruling was obtained with respect to that argument. *See Edwards* v. *Neuse*, 312 Ark. 302, 849 S.W.2d 479

(1993). The response by Hardy Construction to the motion to dismiss is not abstracted, and there is nothing in the chancery court's order otherwise reflecting that § 16-108-203 was considered by the chancery court.

■ This court has been adamant in refusing to consider arguments raised for the first time on appeal, where that argument has not been first presented to the trial court for resolution. *See, e.g., Stacks* v. *Jones,* 323 Ark. 643, 916 S.W.2d 120 (1996); *Thompson* v. *Perkins,* 322 Ark. 720, 911 S.W.2d 582 (1995). While the issue or argument may be contained in a pleading or brief in the record, we have said many times that there are seven justices of the Supreme Court and one record, and we will not be placed in the position of having seven justices scour one record for pertinent information. *Kearney* v. *Committee on Prof. Conduct,* 320 Ark. 581, 897 S.W.2d 573 (1995); *Stroud Crop, Inc.* v. *Hagler,* 317 Ark. 139, 875 S.W.2d 851 (1994). We, accordingly, affirm due to lack of sufficient information in the appellant's abstract to enable us to decide this point. *See* Ark. Sup. Ct. R. 4-2(b)(2).

The same holds true for the remaining points raised by Hardy Construction. Its abstract does not reveal that the issue of procedural arbitrability and whether that is a matter for the arbitration panel to decide or the courts was ever brought to the chancery court's attention. Nor does the abstract reveal whether Hardy Construction's arguments in opposition to the doctrine of sovereign immunity were brought to the attention of the chancery court. The chancery court did proclaim in its order that the State cannot "be made a defendant in any of her courts," but the court's order, as abstracted, does not evidence that Hardy Construction raised the same arguments in opposition to the sovereign immunity doctrine at the trial court level that it now makes on appeal. What is clear from the chancery court's order is that it made its decision based on the failure of the two contracts to contemplate an appointment of a third arbitrator by the chancery court under the circumstances presented by Hardy Construction. The chancery court further appears to have decided that the Highway Department cannot be estopped from raising a sovereign immunity defense when it did not agree to a judicial appointment of an arbitrator under these conditions. *Cf. Foote's Dixie Dandy* v. *McHenry,* 270 Ark. 816, 607 S.W.2d 623 (1980).

■ Hardy Construction contends that there was no need to

abstract the hearing before the chancery court or its response to the Highway Department's motion to dismiss because the arguments it made are merely duplicative of those made in its brief on appeal. But showing this court in the appellant's abstract that an argument has been raised and considered by the trial court is an absolute prerequisite to our review on appeal. Because the abstract is deficient in that regard, we affirm the chancery court's order. *See* Ark. Sup. Ct. R. 4–2(b)(2).

Affirmed.

DUDLEY, J., not participating.

GLAZE, J., concurs.

TOM GLAZE, Justice, concurring. I concur. While I agree to affirm, I disagree with the majority court's assertion that appellant's abstract is so deficient the court cannot decide whether the chancery court erred in failing to appoint an arbitrator as required under Ark. Code Ann. § § 16-108-201—224 (1987 and Supp. 1995). The majority opinion states that there is nothing in the abstract to indicate § 16-108-203 was argued to the chancery court or that a ruling was obtained with respect to that argument.[1] Not true.

I first point out that the chancellor's order, as abstracted, dismissed the appellant's action and set out findings reflecting the appellant had filed suit asking the court to appoint an arbitrator as provided under the terms of the parties' contract. The chancellor further found the appellant was relying on § 16-108-201, *et seq*. She stated in her order that appellant's action was to enforce the parties' contract which provided for arbitration, but that certain contingencies had to occur before the court appointed a third arbitrator. She ruled those contingencies had not occurred.

The abstract further reflects that the appellee contended below that, under the parties' agreement, the party (appellant) seeking

---

[1] Section 16-108-203 provides as follows:

If the arbitration agreement provides a method of appointment of arbitrators, *this method shall be followed*. In the absence thereof, or if the agreed method fails or for any reason cannot be followed, or when an arbitrator appointed fails or is unable to act and his successor has not been duly appointed, the court on application of a party shall appoint one (1) or more arbitrators. An arbitrator so appointed has all the powers of one specifically named in the agreement. (Emphasis added.)

arbitration must first exhaust all administrative remedies by first submitting the parties' dispute for resolution to appellee's Resident Engineer, and if not resolved by that engineer, to appellee's Chief Engineer. Because appellant failed to exhaust its administrative remedies, appellee refused to choose an arbitrator. The chancellor agreed that, under the terms of the parties' contract, she could not intervene to appoint a third arbitrator because the contingencies or conditions of the contract had not been met.

In sum, appellant's abstracting of its petition with exhibits, appellee's motion to dismiss, and the court's order presents the essential parts of the record to determine if the chancellor was correct in refusing to appoint an arbitrator under the terms of the parties' arbitration agreement. From the abstracted record, the chancellor was correct because appellant had not exhausted its remedies, and, therefore, under contract terms appellee was not required to appoint an arbitrator. Consequently, because these contractual prerequisites had not been met, the trial court correctly decided it could not intervene to appoint a third arbitrator. The trial court should be affirmed, but only after reaching the merits of all issues presented on appeal.