Danny REEVES, Individually, and d/b/a Reeves Body Shop *v.*
Michael HINKLE, Individually, and d/b/a Hinkle Auto & ATV
Sales

95-1092                                                934 S.W.2d 216

Supreme Court of Arkansas
Opinion delivered November 25, 1996

*W. Frank Morledge, P.A.*, by: *W. Frank Morledge*, for appellant.

*Daggett, Van Dover & Donovan*, by: *Robert J. Donovan*, for appellee.

ROBERT L. BROWN, Justice. This is the second time this matter has been before us. In the first appeal, we dismissed under Ark. R. Civ. P. 54(b), owing to unresolved claims among the parties and the failure of the abstract to include an order which set forth facts warranting an intermediate appeal. *Reeves* v. *Hinkle*, 321 Ark. 28, 899 S.W.2d 841 (1995) (*Reeves I*). Appellant Danny Reeves now raises the same issues in his second appeal: error in the trial court's grant of a default judgment on liability and summary judgment on damages. We affirm for failure to comply with Ark. Sup. Ct. R. 4-2(a)(6).

The facts, as stated, are taken from Reeves's abstract in his brief and from Hinkle's supplemental abstract. On November 24, 1992, appellee Michael Hinkle, individually and d/b/a Hinkle's Auto & ATV Sales (Hinkle), filed a complaint in Lee County Circuit Court

against James Crossland, individually and d/b/a Crossland Auto Sales (Crossland), alleging breach of express and implied warranties of title resulting from a sale of two stolen vehicles by Crossland to Hinkle. On December 1, 1992, Crossland filed a third-party complaint against his seller, appellant Reeves, individually and d/b/a Reeves Body Shop (Reeves), seeking indemnification. On December 4, 1992, Hinkle filed a direct complaint against third-party-defendant Reeves in the same litigation and alleged that Reeves breached the express and implied warranties of title because he knew the two vehicles were stolen when he sold them to Crossland. The F.B.I. confiscated one vehicle from Hinkle and picked up the second vehicle from Hinkle's subsequent purchaser.

On December 16, 1992, Reeves moved to dismiss Crossland's third-party complaint due to improper venue because Reeves was a resident of St. Francis County. The circuit court denied the motion and ruled that venue was appropriate because the third-party complaint concerned the sale of stolen vehicles which "may be defined as fraud." The circuit court concluded that venue was appropriate in Lee County under Ark. Code Ann. § 16-60-113 (b) (1987).

On April 21, 1993, Reeves moved for reconsideration and, alternatively, for summary judgment on Hinkle's claim and stated that based on the allegations in the complaint, he was entitled to judgment as a matter of law.

On April 27, 1993, Hinkle moved for a default judgment against Reeves. Reeves responded, alleging: (1) that Crossland's filed answer inured to his benefit; (2) that the trial court should exercise its discretion in denying a default; (3) that he possessed a meritorious defense; and (4) that the allegations of Hinkle's complaint were insufficient to support a default judgment. The trial court issued a letter opinion finding that Hinkle's motion for default judgment should be granted and that Reeves's motions for dismissal for improper venue and for summary judgment should be denied. He reserved ruling on the damages issue. Hinkle subsequently filed a motion for summary judgment on damages, which was granted. Judgment based on Reeves's default and denying Reeves's motions was entered. Summary judgment was subsequently entered against Reeves in the amount of $16,800 plus prejudgment interest.

Reeves now urges that the default judgment must fail because there is no factual basis for a constructive-fraud cause of action and,

similarly, no basis for a breach-of-warranty claim. Specifically, he contends that Hinkle's complaint did not allege any relationship or contact between Hinkle and Reeves. *See Kohlenberger, Inc.* v. *Tyson Foods, Inc.,* 256 Ark. 584, 510 S.W.2d 555 (1974). Hence, according to Reeves's theory of the case, Hinkle's complaint was insufficient and cannot support a default judgment predicated on either constructive fraud or breach of warranty.

■ We decline to reach this issue due to failure to comply with Rule 4-2(a)(6) of the Supreme Court Rules. Nowhere in Reeves's abstract is it shown that this issue was raised or considered by the circuit court, and we will not turn to the record to decide that issue. We have stated the blackletter law regarding sufficiency of an abstract as follows:

> This court has been adamant in refusing to consider arguments raised for the first time on appeal, where that argument has not been first presented to the trial court for resolution. *See, e.g., Stacks* v. *Jones,* 323 Ark. 643, 916 S.W.2d 120 (1996); *Thompson* v. *Perkins,* 322 Ark. 720, 911 S.W.2d 582 (1995). While the issue or argument may be contained in a pleading or brief in the record, we have said many times that there are seven justices of the Supreme Court and one record, and we will not be placed in the position of having seven justices scour one record for pertinent information. *Kearney* v. *Committee on Prof. Conduct,* 320 Ark. 581, 897 S.W.2d 573 (1995); *Stroud Crop, Inc.* v. *Hagler,* 317 Ark. 139, 875 S.W.2d 851 (1994). We, accordingly, affirm due to lack of sufficient information in the appellant's abstract to enable us to decide this point. *See* Ark. Sup. Ct. R. 4-2(b)(2).

*Hardy Constr. Co.* v. *Arkansas State Highway & Transp. Dep't,* 324 Ark. 496, 503, 922 S.W.2d 705, 708 (1996).

■ Here, Reeves's abstract is skeletal at best, and we cannot garner from it whether the argument regarding lack of relationship or contact between Hinkle and Reeves, which Reeves contends is essential for a cause of action for constructive fraud or breach of warranty, was raised before the trial court or considered by it. Indeed, we cannot ascertain from the abstract what arguments before the trial court resulted in the default judgment and, specifically, whether the court actually decided that the warranty and fraud causes of action were sufficiently pled. It is critical that this

court not be placed in a position of considering an issue for the first time on appeal.

■ It is well-settled that the standard of review for default judgments is the deferential standard of whether the trial court abused its discretion. *Arnold & Arnold* v. *Williams*, 315 Ark. 632, 870 S.W.2d 365 (1994); *Divelbliss* v. *Suchor*, 311 Ark. 8, 841 S.W.2d 600 (1992). In light of the abstract presented, which we must rely on to decide this case, it is impossible for Reeves to show that the trial court decided the matter erroneously or abused its discretion in entering the default judgment.

Affirmed.

DUDLEY and NEWBERN, JJ., not participating.

Special Justice TONEY D. MCMILLAN joins.

Special Justice HERMANN IVESTER joins.