Bob COSGROVE v. The CITY OF WEST MEMPHIS,
Arkansas; Keith Ingram, Mayor; and the West Memphis Public
Utilities Commission

96-286                                                   938 S.W.2d 827

Supreme Court of Arkansas
Opinion delivered February 17, 1997

*Mike Everett*, for appellant.

*David C. Peeples*, West Memphis City Att'y, for appellees.

ROBERT L. BROWN, Justice. On January 10, 1994, appellant Bob Cosgrove was elected to serve as a member of the appellee West Memphis Public Utilities Commission (Commission) by a majority vote of the West Memphis City Council. Shortly thereafter, appellee Keith Ingram, the mayor of West Memphis, vetoed the election of Cosgrove. The city council subsequently defeated a motion to override the veto. Cosgrove then filed a second amended and substituted complaint seeking declaratory and injunctive relief. He requested that the chancery court declare the veto exercised by the mayor to be invalid, and he sought to enjoin the city council from filling his seat on the Commission. In the alternative, he prayed that the ordinance creating the Commission (Ordinance No. 1069) be declared unconstitutional because it was adopted without legislative authority.

On September 26, 1994, appellees moved for summary judgment and contended that the mayor had the authority to veto the election of Cosgrove and that Ordinance No. 1069 was valid. On January 17, 1996, the circuit court entered an order granting summary judgment and determined both that the mayor acted within his authority in exercising the veto and that Ordinance No. 1069 properly established the Commission as a valid agency of the City of West Memphis.[1]

Cosgrove complains on appeal that the circuit court erred in concluding that Ordinance No. 1069 properly established the Commission as a valid agency of the City of West Memphis. The primary focus of Cosgrove's argument is his contention that the

---

[1] Although no motion or order of transfer is contained in the record, the matter apparently was transferred to circuit court.

city council enacted the ordinance without statutory authority and, therefore, all actions taken by the Commission are of no effect. Thus, he is in the anomalous posture of urging this court to declare invalid the Commission to which he was previously elected.

We have stated the general law regarding powers of municipalities as follows:

> [Cities] have no inherent powers and can exercise only (1) those expressly given them by the state through the constitution or by legislative grant, (2) those necessarily implied for the purposes of, or incident to, these express powers and (3) those indispensable (not merely convenient) to their objects and purposes.

*City of Little Rock v. Raines*, 241 Ark. 1071, 1078, 411 S.W.2d 486, 491 (1967). *See also Brooks v. City of Benton*, 308 Ark. 571, 826 S.W.2d 259 (1992); *City of Fordyce v. Vaughn*, 300 Ark. 554, 781 S.W.2d 6 (1989). Furthermore, "any substantial doubt about the existence of a power in a municipal corporation must be resolved against it." *City of Little Rock v. Cash*, 277 Ark. 494, 501, 644 S.W.2d 229, 231 (1982), *cert. denied*, 462 U.S. 1111 (1983). Armed with our caselaw, Cosgrove argues that there is no statute which authorizes the West Memphis City Council to create a public utilities commission comparable to what was done by Ordinance No. 1069.

Appellees parry Cosgrove's argument by emphasizing that the City of West Memphis has been given the express authority to own and operate public utilities. *See* Ark. Code Ann. §§ 14-54-701 & -702 (1987); Ark. Code Ann. § 14-200-106 (1987). They further note that the General Assembly has given cities permission to create commissions for purposes of operating and managing public utilities which they own. *See* Ark. Code Ann. § 14-201-101 to -129 (1987 & Supp. 1995). Nevertheless, according to the appellees this authority is permissive, and a municipality is not required to establish a commission in strict compliance with the municipal code, should it decide merely to create an agency of that city. The appellees direct our attention to the following statute:

> Any city of the first class owning and operating either a waterworks and distribution system or electrical light plant and system, or both, *may* by appropriate action by its city council or other governing body create a commission pursuant to this subchapter for the purpose of operating and managing the waterworks and distribution system or electrical light plant and system or both.

Ark. Code Ann. § 14-201-104(a)(1) (1987) (emphasis added).

In support of their argument, appellees rely almost exclusively on the case of *Adams v. Bryant*, 236 Ark. 859, 370 S.W.2d 432 (1963). In *Adams*, certain taxpayers of the City of Clarksville sued for injunctive relief against the Clarksville Light and Water Company, arguing that the creating ordinance was invalid and that it did not establish a valid commission because the Commission failed to conform to statutory requirements. The chancery court, however, concluded that the ordinance created a valid agency of the city and denied relief. On appeal, this court affirmed. We first observed that the appellants contended that the Act authorizing the Board of Public Utilities for Cities of the Second Class had certain requirements for the board that were not met by the city ordinance. But we then held that the Act was not mandatory:

> Section 19-4001 simply provides that such a board *may* be created. Here, the citizens of Clarksville apparently did not desire to create the Board of Public Utilities, and the authority to operate the utilities, therefore remained in the City Council. We agree with the Chancellor, that in passing Ordinance 387, the city created an agency to operate the utilities heretofore mentioned. The city had the express statutory power to own and operate these utilities [Ark. Stat. Ann. § 20-316 (Repl. 1956)], and we have held that a City Council may designate agents to act, within the scope of their agency, on behalf of the city. *Jonesboro v. Montague*, 143 Ark. 13, 219 S.W. 309, *Gladson v. Wilson*, 196 Ark. 996, 120 S.W.2d 732.

*Adams v. Bryant*, 236 Ark. at 862-63, 370 S.W.2d at 435 (emphasis in original).

■ Hence, under this caselaw, it is apparent that a public utilities commission may be created in accordance with statutory dictates but that, alternatively, a commission to operate the utili-

ties may also be established as an agency of the city. This precedent is clear that a city need not create an operating commission in accordance with legislative requirements so long as the commission remains an agency of the city. We further view *Adams v. Bryant, supra,* to be pertinent authority whether the city involved is a city of the second class as was involved in *Adams* or a city of the first class such as we have in the case at hand. *Compare* Ark. Code Ann. §§ 14-201-104(a)(1) and 14-201-302 (1987).

Cosgrove urges as an ancillary point that Ordinance No. 1069 empowers the Commission to make purchases up to $25,000 without confirmation by the city council and that this constitutes an unlawful delegation of legislative authority. He contends, as a corollary to this argument, that under state law city councils cannot spend more than $5,000 without complying with bidding procedures. *See* Ark. Code Ann. § 14-58-303(b)(2)(A) (1987).

We decline to reach this point and others made by Cosgrove in an attempt to distinguish *Adams v. Bryant, supra.* There is nothing in the abstract of the record submitted by Cosgrove as part of his brief on appeal that evidences that these precise arguments were made to the circuit court. When we are unable to determine from the abstract what arguments were made to the trial court and the rulings of that court, we will not entertain those arguments on appeal. *See Reeves v. Hinkle,* 326 Ark. 724, 934 S.W.2d 216 (1996); *Hardy Constr. Co. v. Arkansas State Hwy. & Transp. Dept.,* 324 Ark. 496, 922 S.W.2d 705 (1996); *Edwards v. Neuse,* 312 Ark. 302, 849 S.W.2d 479 (1993). In this respect, the burden is clearly placed on the appealing party to provide both a record and abstract sufficient for appellate review. The policy behind this standard has been stated as follows:

> While the issue or argument may be contained in a pleading or brief in the record, we have said many times that there are seven justices of the Supreme Court and one record, and we will not be placed in the position of having seven justices scour one record for pertinent information. *Kearney v. Committee on Prof. Conduct,* 320 Ark. 581, 897 S.W.2d 573 (1995); *Stroud Crop, Inc. v. Hagler,* 317 Ark. 139, 875 S.W.2d 851 (1994).

*Hardy Constr. Co. v. Arkansas State Hwy. & Transp. Dept.*, 324 Ark. at 503, 922 S.W.2d at 708.

Finally, the appellees have not questioned on appeal the standing of Cosgrove to assert the invalidity of the Commission, though his standing is somewhat unclear. Because we affirm on other grounds, there is no need for us to address this issue. *See Blann v. Alcoholic Beverage Control Bd.*, 317 Ark. 97, 876 S.W.2d 259 (1994).

Affirmed.