The Honorable Otis Davis State Representative 1112 4th Street Earle, AR 72331-1432
Dear Representative Davis:
I am writing in response to your request for an opinion on the following:
 Is it permissible for (2) Arkansas cities to consolidate if they reside in different counties?
RESPONSE
No.
Consolidation of municipalities is governed by A.C.A. §§ 14-40-1201
through -1213 (Repl. 1998 Supp. 2005). In defining the scope of municipal consolidation, Section 1201 states in pertinent part:
 Beginning July 1, 1995, when the inhabitants of any city or incorporated town adjoining or contiguous to another smaller municipal corporation of any class in the same county shall desire that the city or incorporated town annex to it or consolidate with it the smaller municipal corporation, they may apply, by a petition in writing . . .[.]
A.C.A. § 14-40-1201(a)(1)(A) (Supp. 2005) (emphasis added). The statute clearly states that the two municipalities consolidating must be in the same county. I am bolstered in this conclusion by the separate grant of authority required for a municipality to annex land in an adjoining county in A.C.A. § 14-40-401 (Repl. 1998). A municipality has only so much authority as granted by the General Assembly. I have described this limitation as follows:
 [T]he Arkansas Supreme Court has continued to hold that a city possesses only those powers that are expressly granted by the Constitution or the General Assembly, necessarily incident to the execution of those granted powers, or powers that are indispensable, and not merely convenient, to their objects and purposes. Cosgrove v. City of West Memphis, 327 Ark. 324, 326, 938 S.W.2d 827 (1997); see also Op. Att'y Gen. 2004-046. In addition, substantial doubt as to the existence of a power in a municipal corporation must be resolved against it. Cosgrove, supra (citing City of Little Rock v. Cash, 277 Ark. 494, 501, 644 S.W.2d 229 (1982)).
Op. Att'y Gen. 2005-018.
In the situation you have described, the General Assembly has delineated the authority of municipalities to consolidate only with other municipalities in the same county. This specific grant of authority does not extend beyond the specific language used in A.C.A. § 14-40-1201. The General Assembly specifically granted municipalities the power to annex land in a separate county in A.C.A. § 14-40-401 but has not made any such grant of authority with respect to municipal consolidation. In my opinion, two cities residing in different counties may not consolidate under Arkansas law.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh