The Honorable Marvin Steele State Representative 912 Barton Avenue West Memphis, AR 72301-2803
Dear Representative Steele:
You have requested an Attorney General opinion concerning a proposed ordinance creating a municipal human and civil rights commission. I am issuing the following opinion in response to your request.
You explain that the City Council of West Memphis has taken under advisement an ordinance proposing to create a civil rights commission. You have provided me with a copy of the proposed ordinance, and have presented the following question:
 Does the City of West Memphis have the authority to create a Municipal Human and Civil Rights Commission, as set forth in the proposed ordinance?
RESPONSE
Summary of Opinion
It is my opinion that cities have the authority to create commissions for a variety of purposes, including the purpose of monitoring and reporting on human and civil rights violations. However, it is my opinion that several features of the proposed ordinance could give rise to legal challenges. These problematic features of the proposed ordinance are discussed below.
Discussion
As an initial matter, I must point out that the Office of the Attorney General normally concerns itself primarily with matters of state law, and does not ordinarily construe the language of local ordinances. However, to the extent that your question inquires about non-local legal matters, I will respond.
1. Delegation
The proposed ordinance could give rise to a charge that it constitutes an unlawful delegation.
The Arkansas Supreme Court has explicitly recognized the authority of a city council to create a commission for the purpose of acting as an agent of the council (provided that the council does not delegate legislative powers to the commission.) Adams v. Bryant, 236 Ark. 859, 370 S.W.2d 432
(1963). Accord, Cosgrove v. City of West Memphis, 327 Ark. 324,938 S.W.2d 827 (1997); Paragould Cablevision v. City of Paragould,305 Ark. 476, 809 S.W.2d 688 (1991). The powers that can be delegated to such a commission are limited. Legislative bodies such as city councils may delegate to a sub-group "the power to determine certain facts, or the happening of a certain contingency," which will affect later legislative action. Terrell v. Loomis, 218 Ark. 296, 300, 235 S.W.2d 961 (1951).
It is axiomatic that a legislative body cannot delegate power that it does not possess. Op. Att'y Gen. No. 82-132. This issue is what is problematic for the ordinance that has been proposed in West Memphis. The ordinance purports to grant the commission certain powers that the city council itself does not have.
The proposed ordinance grants the commission the authority to administer oaths. It also grants the commission the authority to issue subpoenas, the authority to compel the production of records and other evidence, and the authority to compel witnesses to appear before the commission. It is my opinion that the city council does not have these powers itself, and therefore cannot confer them upon the commission.
Cities have no inherent powers and can exercise only three types of powers:
 (1) those powers that have been expressly given to cities by the state through the constitution or by legislative grant;
 (2) those powers that are necessarily implied for the purposes of, or incident to, cities' express powers; and
 (3) those powers that are indispensable (not merely convenient) to cities' objects and purposes.
Cosgrove v. City of West Memphis, 327 Ark. 324, 326, 938 S.W.2d 827
(1997), quoting City of Little Rock v. Raines, 241 Ark. 1071, 1078,411 S.W.2d 486, 491 (1967).
City councils have not been granted express authority to administer oaths, nor have they been granted express authority to issue subpoenas, to compel the production of records and other evidence, or the authority to compel the appearance of witnesses. It is my opinion that none of these powers can be implied from city councils' express powers, nor can they been deemed indispensable to city councils' objects and purposes. I base this conclusion on the fact that city councils are fully capable of performing their assigned function as municipal legislative bodies without engaging in these activities. These activities are associated with judicial proceedings, which city councils, as legislative bodies, are not authorized to conduct.
Because it is my opinion that city councils do not possess the power to administer oaths, to issue subpoenas, to compel the production of records and other evidence, or to compel the appearance of witnesses, I must conclude that city councils cannot delegate these powers to a created commission. Accordingly, it is my opinion that the proposed ordinance could be plausibly challenged on this basis.
2. Unlawful Creation of Judicial Body
Another of the provisions of the proposed ordinance could give rise to a charge that the ordinance unlawfully creates a judicial body.
The proposed ordinance states:
 The Commission shall make attempts to settle complaints whenever possible or by enforcing human and civil rights policies, and laws protected by city, state, and federal government by means of quasi-judicial power or administrative proceedings.
Proposed Ordinance, ¶ 11.
It is unclear exactly what enforcement power this provision purports to confer upon the commission. More specifically, it is unclear whether it purports to confer upon the commission the power to conduct quasi-judicial and administrative proceedings, or whether it simply purports to confer upon the commission standing to pursue remedies before other bodies having quasi-judicial or administrative authority.
If the provision is intended to confer upon the commission the power to conduct quasi-judicial and administrative proceedings that would result in enforceable remedies, the provision, in my opinion, would be contrary to the state constitution. The various courts of the state are established by Amendment 80 of the Arkansas Constitution. No authority is granted to any branch or level of government to establish a court. Indeed, Amendment 80 repealed a former grant of such authority to the General Assembly. Ark. Const., am. 80, § 22. Cities cannot, by conferring judicial power upon a created commission, accomplish the equivalent of creating a court.
3. Due Process
The proposed ordinance could give rise to a challenge based on the principle of substantive due process, which arises out of the 5th and 14th amendments to the U.S. Constitution. The general idea of the principle of substantive due process is that governmental entities cannot arbitrarily deprive individuals of life, liberty, or property interests.
Legislation is considered to violate the principle of substantive due process if its language is so vague that a person of ordinary intelligence cannot determine what is prohibited by the legislation, and if its standards for enforcement are vague enough to allow for arbitrary and discriminatory enforcement. Grayned v. City of Rockford, 408 U.S. 104
(1972); Cambiano v. Neal, 342 Ark. 691, 35 S.W.3d 792 (2000).
The two provisions of the proposed ordinance that give rise to this due process concern are the paragraphs entitled "Retaliation" and "Aiding and Abetting." They state:
Retaliation
 No person shall retaliate against any person because that person in good faith has opposed that which he or she reasonably believed to be unlawful discrimination, or violation of human or civil rights violations under this Ordinance or has made a complaint, testified, assisted, or participated in an investigation, preceding, or hearing under this Ordinance.
Aiding and Abetting
 No person shall aid, abet, compel, or coerce a person to commit a violation under this Ordinance.
The above-quoted provisions of the proposed ordinance speak in terms of "violation" of the ordinance. Yet the purpose of the ordinance is to create the commission, rather than to establish civil rights offenses or civil rights requirements that can be violated. The proposed ordinance does not spell out any particular conduct that would constitute a "violation," nor does it indicate the penalty that could be imposed for such a violation.
A plausible argument could be made that a person of ordinary intelligence would not be able to determine what is prohibited by the ordinance, and that the ordinance's standards for enforcement are vague enough to allow for arbitrary and discriminatory enforcement. Because of these vague features of the ordinance, it could be deemed to violate the principle of substantive due process.
I must note that although I have discussed certain constitutional concerns about the proposed ordinance, legislation is presumed to be constitutional, and the party challenging that legislation bears the burden of establishing that it is unconstitutional. Bunch v. State,344 Ark. 730, 43 S.W.3d 132 (2001). Moreover, if legislation is challenged before it is enforced, the challenger may be required to show that the legislation is unconstitutional in all its applications — i.e., that the legislation could never be applied in a constitutional manner. Village ofHoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489 (1982);Planned Parenthood of Minnesota v. State of Minnesota, 910 F.2d 479 (8th Cir. 1990); Cambiano v. Neal, 342 Ark. 691, 35 S.W.3d 792 (2000).
Despite this heavy burden on would-be challengers, the city would be well advised to be aware of the basis for possible challenges and to consult its counsel about these possibilities. It should be noted that I do not express an opinion as to the likelihood of success on any of the possible challenges discussed above.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh