The Honorable Jodie Mahony State Representative 106 West Main El Dorado, AR 71730-5693
Dear Representative Mahony:
This is in response to your request for an opinion regarding the authority of a municipal wastewater utility in connection with permit fees that are collected by the Arkansas Department of Pollution Control and Ecology pursuant to A.C.A. 8-1-101
et seq. (Repl. 1993). You note that Act 1254 of 1993 (codified in pertinent part at A.C.A. 8-1-103 (Repl. 1993)) authorized an increase in the fee amount(s). You have asked the following question on behalf of the El Dorado Water Utilities:
 Does a municipal wastewater utility have authority to charge its customers, as a separate item on their utility bill, for water pollution discharge permit fees levied and collected by the Department of Pollution Control and Ecology?
Your question requires reference to the particular statutory authority governing the municipal utility in question. It is my understanding that the wastewater utility in this instance is a sewage system governed by A.C.A. 14-235-201 et seq. (1987 and Cum. Supp. 1993). The procedure for establishing and changing this utility's rates and charges is set forth under A.C.A. 14-235-223 (1987). See generally City of Fort Smith v. O.K. Foods, Inc., 293 Ark. 379, 738 S.W.2d 96 (1987). Subsection (b) of 14-235-223 states that the rates or charges "shall be sufficient in each year for the payment of the proper and reasonable expense of operation, repair, replacements, and maintenance of the works. . . ." With regard to establishing the rates or charges, subsection (d) states:
 (1)(A) No rates or charges shall be established until after a public hearing, at which all the users of the works and owners of property served or to be served by them and others interested shall have opportunity to be heard concerning the proposed rates or changes,
 (B) After introduction of the ordinance fixing the rates or charges, and before the ordinance is finally enacted, notice of the hearing, setting forth the proposed schedule of the rates or charges, shall be given by one (1) publication in a newspaper published in the municipality if there is such a newspaper, but otherwise in a newspaper having general circulation in the municipality, at least ten (10) days before the date fixed in the notice for the hearing, which may be adjourned from time to time.
 (2) After the hearing he ordinance establishing rates or charges, either as originally introduced or as modified and amended, shall be passed and put into effect.
It is my opinion that the permit fee may as a general matter be charged as a separate item on the customers' bills. The procedure under 14-235-223 will, however, in my opinion, apply when establishing this charge.
Section 14-235-223 contemplates the establishment of "rates or charges" sufficient for the expense of operating and maintaining the system. See A.C.A. 14-235-223(g). This reasonably includes the permit fees levied and collected from the utility under A.C.A. 8-1-101 et seq. The recovery of these fees through a separate charge to the customers on their bills is presumably within the city council's authority under14-235-223. The council has the power and duty under14-235-223(a)(1) to establish "just and equitable rates or charges for the use of and the service rendered by the works, to be paid by each user of the sewerage system of the municipality." Assuming that the charges are "just and equitable," the manner in which the charges are levied and collected would appear to fall within the council's general authority to establish rates and charges.
It must be noted, however, that the procedure under 14-235-223
will apply to this charge. I have found no authority for waiving or not following this procedure in connection with such a charge. Indeed, legislation pertaining to the "Fee for Federal Safe Drinking Water Act Compliance," suggests just the opposite. Arkansas Code of 1987 Annotated 20-28-105
specifically authorizes water systems to assess as a direct charge on each bill the cost of annual fees collected by the Department of Health. See A.C.A. 20-28-105(b) (Supp. 1993). Subsection (c) of this Code section states that the charge "shall not be considered as a part of the water rates of the respective water system." It is thus clear that the legislature intended to authorize the collection of this fee without the necessity of a rate hearing.[1] Had the legislature intended to remove the fee levied under A.C.A. 8-1-101 et seq. from the procedure governing sewage system rates or charges, it could easily have done so, as with the water system fee.
In conclusion, therefore, while it reasonably may be concluded that the sewage system has the authority to collect the permit fee through a separate charge on its customers' bills, A.C.A.14-235-223 must in my opinion be followed when establishing this charge.[2] The pre-enactment notice and public hearing procedure must be followed. See City of Fort Smith, supra.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] This specific authorization of a direct charge on each bill with respect to the water system fee should not, in my opinion, be construed to prohibit the sewage system from recovering the permit fee in question through a separate charge to its customers. The purpose, in my opinion, of A.C.A. 20-28-105(b) and (c) is to remove the water system charge from any hearing requirement. Because similar language does not appear in A.C.A. 8-1-101 et seq., I cannot conclude that the sewage system would be authorized to forego the procedure in14-235-223 when levying such a charge.
[2] This assumes that this charge has not previously been established pursuant to 14-235-223. It should perhaps be noted that any "change or readjustment" (emphasis added) of the rates or charges may be made without hearing or notice if made "substantially pro rata as to all classes of service. . . ." A.C.A. 14-235-223(f)(2)(B). I assume, however, that the permit fee in this instance has not previously been collected as a separate charge. The exception for a "change or readjustment" would therefore not apply.