The Honorable Randy Minton State Representative 830 Minton Road Ward, AR 72178-8618
Dear Representative Minton:
I am writing in response to your request for my opinion on a question I will paraphrase as follows:
 Given the provisions of A.C.A. § 14-235-223, can Beebe Ordinance No. 2002-07, which adjusts the sewer rates charged users by the City of Beebe, be successfully challenged as invalid based upon the failure to provide pre-enactment notice and a public hearing?
RESPONSE
Answering your question will ultimately involve the consideration of factual matters I am neither equipped nor authorized to address. I can only note that the statute expressly excepts from the requirements of pre-enactment notice and a public hearing "pro rata" sewer rate adjustments. The question of whether a rate adjustment by amendment will indeed be "pro rata" in its effects is inherently factual and as such properly addressed by a court.
Section 14-235-223 of the Arkansas Code (Repl. 1998) provides in pertinent part:
 (a)(1) The council of the municipality shall have power, and it shall be its duty, by ordinance to establish and maintain just and equitable rates or charges for the use of and the service rendered by the works, to be paid by each user of the sewerage system of the municipality.
 (2) The council may change and readjust the rates or charges from time to time to such extent as will not render insecure the rights of the holders of revenue bonds or violate any sinking fund agreement, or other lawful agreement, with such bondholders.
* * *
 (d)(1)(A) No rates or charges shall be established until after a public hearing, at which all the users of the works and owners of property served or to be served by them and others interested shall have opportunity to be heard concerning the proposed rates or charges.
 (B) After introduction of the ordinance fixing the rates or charges, and before the ordinance is finally enacted, notice of the hearing, setting forth the proposed schedule of the rates or charges, shall be given by one (1) publication in a newspaper published in the municipality if there is such a newspaper, but otherwise in a newspaper having general circulation in the municipality, at least ten (10) days before the date fixed in the notice for the hearing, which may be adjourned from time to time.
 (2) After the hearing the ordinance establishing rates or charges, either as originally introduced or as modified and amended, shall be passed and put into effect.
* * *
 (f)(1) The rates or charges so established for any class of users or property served shall be extended to cover any additional premises thereafter served which fall within the same class, without the necessity of any hearing or notice.
 (2)(A) Any change or readjustment of the rates or charges may be made in the same manner as the rates or charges were originally established as provided in this section.
 (B) If the change or readjustment is made substantially pro rata as to all classes of service, no hearing or notice shall be required.
Subsection (d) of this statute directs that the city provide notice and a hearing before imposing any fee for sewage treatment. Subsection (f)(2)(A) further provides that "[a]ny change or readjustment" in rates must be made "in the same manner as the rates or charges were originally established" — a directive that, standing alone, would suggest that the Beebe city council was obliged to provide notice and a public hearing before undertaking the reported change. However, subsection (f)(2)(B) qualifies this directive by providing that if the "change or readjustment" is "substantially pro rata," the city council may effect the change without notice or a public hearing.
In support of your request, you have provided me a copy of Beebe Ordinance No. 2002-070. The ordinance purports to amend a previous ordinance by providing that the city will henceforth charge "all users" of the system at specified rates. Notwithstanding the fact that the rates specified in the ordinance will apply equally to "all users," I am unable to opine that the adjustment is "pro rata" since I lack information regarding the rates charged the various categories of users under the predecessor ordinance. The question of whether the change effected by Ordinance No. 2002-07 might be characterized as "substantially pro rata" is one only a finder of fact can answer after considering the relative effect of the amendment on the various categories of users.
Finally I should note that even if the adjustment qualifies as "pro rata," thus relieving the city of the obligation to provide pre-enactment notice and a public hearing, the amendment might still be subject to challenge if it were not properly published following its enactment. SeeCity of Fort Smith v. O.K. Foods, Inc., 239 Ark. 379, 384, 738 S.W.2d 96
(1987) (ordinance raising sewer rates invalid because of the city's failure to comply with A.S.A. § 19-2404, currently codified as A.C.A. §14-55-205, which requires that all ordinances of a "general or permanent nature" be published prior to enforcement).
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh