The Honorable Jay Bradford State Representative P.O. Box 8367 Pine Bluff, AR 71611-8367
Dear Representative Bradford:
I am writing in response to your request for my opinion on the following questions:
 1. May a city council or a city collector assess a fee upon a defendant for the city collector to handle the collection of time pay accounts for a district court?
 2. May a district court assess a probation fee upon a defendant who is paying his/her fine out on time pay to help defer the costs of a private contractor handling collection of these fines?
 3. If assessing a probation fee to defer costs is appropriate where a private contractor is handling collections, is the collection of a probation fee for same appropriate where a city collector handles collections?
 4. If collection of a probation fee is appropriate in either instance, is there any restriction on how the probation fee is used?
 5. Who has the authority to decide where or how the probation fee, if any, is used or deposited?
 6. In the alternative, if any of the above scenarios are inappropriate, is there a way a city can designate one of its departments other than the district court to collect time pay fines and assess a charge upon the defendant for the service?
 7. If a municipal/district court judge were to enter into an agreement with a private contractor to collect time pay accounts and the cost of such was borne completely by defendants, i.e., the contractor received a percentage of a monthly probation fee assessed defendants by the court until paid out, would this arrangement require a contract and be subject to approval by the governing body?
RESPONSE
In my opinion, the only fee that may lawfully be imposed on a defendant paying a fine in installments is the $5.00 per month fee authorized at A.C.A. § 16-13-704(b)(1). With respect to who may collect this fee, A.C.A. § 16-13-709(2)(A) provides that a city council may designate a "city official, agency, department, or private contractor" to collect installment fines imposed by a district court.
Question 1: May a city council or a city collector assess a fee upon adefendant for the city collector to handle the collection of time payaccounts for a district court?
Municipal corporations derive their legislative powers from the general laws of the state. Ark. Const. art. 12, § 4. A municipality has no powers except those expressly conferred by the legislature, and those necessarily or fairly implied as incident to or essential for the attainment of the purpose expressly declared. City of Lowell v. M NMobile Home Park, Inc., 323 Ark. 332, 336, 916 S.W.2d 95, 97 (1996). The Supreme Court restated the restrictions on the scope of activities of municipalities in Burke v. Elmore, 341 Ark. 129, 132-33, 14 S.W.3d 872
(2000):
 This court has often stated that municipalities are creatures of the legislature and as such have only the power bestowed upon them by statute or by the Arkansas Constitution. Jones v. American Home Life Ins. Co., 293 Ark. 330, 738 S.W.2d 387 (1987). See also City of Ft. Smith v. O.K. Foods, Inc., 293 Ark. 379, 738 S.W.2d 96 (1987); City of Little Rock v. Cash, 277 Ark. 494, 644 S.W.2d 229 (1982). Additionally, this court has held that any substantial doubt concerning the existence of a power in a municipal corporation must be resolved against the City. Recently, this court summarized what powers can be exercised by a municipality:
 Cities have no inherent powers and can exercise only (1) those expressly given them by the state through the constitution or by legislative grant, (2) those necessarily implied for the purposes of, or incident to, these express powers and (3) those indispensable (not merely convenient) to their objects and purposes.
 Cosgrove v. City of West Memphis, 327 Ark. 324, 326, 938 S.W.2d 827, 828 (1997).
As discussed in the attached Ark. Op. Att'y Gen. No. 2002-315, the General Assembly has enacted the following legislation expressly addressing the scope and manner of assessing fees for the collection of "time pay accounts" authorized by a district court:
 (a)(1) If the court concludes that the defendant has the ability to pay the fine, but that requiring the defendant to make immediate payment in full would cause a severe and undue hardship for the defendant and the defendant's dependents, the court may authorize payment of the fine by means of installment payments in accordance with this subchapter.
 (2)(A) When a court authorizes payment of a fine by means of installment payments, it shall issue, without a separate disclosure hearing, an order that the fine be paid in full by a date certain and that in default of payment the defendant must appear in court to explain the failure to pay.
 (B) In fixing the date of payment, the court shall issue an order which will complete payment of the fine as promptly as possible without creating a severe and undue hardship for the defendant and the defendant's dependents.
 (b)(1) In addition to the fine and any other assessments authorized by this subchapter, an installment fee of five dollars ($5.00) per month shall be assessed on each person who is authorized to pay a fine on an installment basis.
* * *
 (3)(A) One-half (1/2) of the installment fee collected in municipal court, district court, city court, or police court shall be remitted monthly to the Department of Finance and Administration for deposit in the Judicial Fine Collection Enhancement Fund as established by § 16-13-712.
 (B) The other half of the installment fee shall be remitted monthly to the city treasurer to be deposited in a fund entitled the court automation fund to be used solely for court related technology.
 (C) In any municipal court or district court which is funded solely by the county, the other half of this fee shall be remitted monthly to the county treasurer to be deposited in the municipal court or district court automation fund to be used solely for municipal court-related or district court-related technology.
A.C.A. § 16-13-704 (Supp. 2001). This statute is completely unambiguous in directing (1) that the district court, in its discretion, determine whether to allow a defendant to pay a fine over time; and (2) that the collection fee to be assessed be $5.00 per month.
With respect to the question of which official may be charged with the duty of collection, A.C.A. § 16-13-709(2)(A) (Supp. 2001) provides:
 The quorum court of each county of the state or the governing body of the city in which the court is located, or both, on or before January 1 of each year, shall designate a county or city official, agency, department, or private contractor who shall be primarily responsible for the collection of fines assessed in the municipal court, district courts, city courts, or police courts of this state.
See also A.C.A. § 16-17-127(a) (Supp. 2001) (authorizing a district court, with the city council's approval, to contract, inter alia, for a private entity to handle "the collection and enforcement of fines and costs"). A city council is consequently authorized to appoint a city collector to handle the collection of time pay accounts.
Question 2: May a district court assess a probation fee upon a defendantwho is paying his/her fine out on time pay to help defer the costs of aprivate contractor handling collection of these fines?
In my opinion, the answer to this question is "no." As reflected in my response to your first question, the only fee expressly authorized under the Code for the scheduled collection of "time-pay" fines is the $5.00 monthly "installment fee" referenced in A.C.A. § 16-13-704(b)(1).[1] As previously noted, the Code further expressly provides that a city might arrange for a private contractor to collect fines. However, the Code is silent on the question of how such a private contractor is to be paid. Nothing in the Code authorizes financing such collections by imposing a "probation" fee on the defendant. Moreover, it defies logic and the ordinary meaning of language to characterize a fee for the collection of fines as a "probation fee," given that the latter term clearly denotes a fee to cover the costs of supervising a defendant subject to conditional release. Again, the only fee authorized under the Code for the collection of installment payments of fines is the $5.00 per month fee required pursuant to A.C.A. § 16-13-704(b)(1). In my opinion, collecting any additional fee would directly contravene the legislature's pronouncements on this matter.
In offering this opinion, I am not ignoring the fact that A.C.A. §16-13-704 commits the entire $5.00 per month fee to purposes other than the payment of a private contractor charged with collection of the fines. Specifically, subsection (b)(3)(A) of the statute directs that ½ of the fee be remitted to the Judicial Fine Collection Enhancement Fund to be used for the purchase of computer hardware and software to assist in the collection of fines. See A.C.A. §§ 16-13-712 and 19-5-1085 (setting forth these purposes). Subsection 16-13-704(b)(3)(A) of the Code commits the other ½ of the installment fee to the city treasury to be used for court-related technology. However, I believe this earmarking of funds for purposes other than private collection efforts simply means that the city will need to finance from its general revenues any collection efforts assigned to a private entity. Given the legislature's express designation of a $5.00 per month "installment fee" on any fine paid over time, I do not believe either the district court or any other entity is authorized to impose an additional fee, however denominated.
Question 3: If assessing a probation fee to defer costs is appropriatewhere a private contractor is handling collections, is the collection ofa probation fee for same appropriate where a city collector handlescollections?
This question is moot in light of my conclusion that it would be impermissible for any entity to impose on a defendant a "probation fee" to defray the costs of collecting installment payments on a fine.
Question 4: If collection of a probation fee is appropriate in eitherinstance, is there any restriction on how the probation fee is used?
This question is likewise moot in light of my previously expressed opinions.
Question 5: Who has the authority to decide where or how the probationfee, if any, is used or deposited?
This question is likewise moot.
Question 6: In the alternative, if any of the above scenarios areinappropriate, is there a way a city can designate one of its departmentsother than the district court to collect time pay fines and assess acharge upon the defendant for the service?
As noted in my response to your first question, A.C.A. § 16-13-709(2)(A) authorizes the city council to designate a "city official, agency, department, or private contractor" to collect fines imposed by a district court. Neither this statute nor any other authorizes the city to assess a collection fee other than the $5.00 per month authorized at A.C.A. §16-13-704(b)(1).
Question 7: If a municipal/district court judge were to enter into anagreement with a private contractor to collect time pay accounts and thecost of such was borne completely by defendants, i.e., the contractorreceived a percentage of a monthly probation fee assessed defendants bythe court until paid out, would this arrangement require a contract andbe subject to approval by the governing body?
This question is moot in light of my previous responses. I will simply repeat that whereas A.C.A. § 16-17-127(a) authorizes a district court, with the city council's approval, to engage a private contractor to collect fines, no statute authorizes imposing a "probation fee" to defray the costs of collection.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
Enclosure
[1] I should note that the Code separately addresses the collection ofdelinquent fines by private contractors. Specifically, A.C.A. §16-13-709(a)(2)(B) provides:
 (i) In the event the quorum court or the governing body of the city in which the court is located, or both, delegates such responsibility to a private contractor, such contractor may receive, pursuant to state accounting laws, a portion agreed upon in advance by the quorum court or the governing body of the city in which the court is located, or both, as commission for the collection of any and all delinquent fines assessed in the municipal courts, district courts, city courts, or police courts of this state.
 (ii) "Delinquent" means any fines assessed in the circuit courts, municipal courts, district courts, city courts, or police courts of this state which have not been paid as ordered for a period of ninety (90) days or three (3) payments, either consecutive or concurrent, since payment was ordered or since last partial payment was received.