The Honorable Michael Lamoureux State Representative P.O. Box 1064 Russellville, AR 72811-1064
Dear Representative Lamoureux:
You have presented the following questions for my opinion:
 (1) Is an ordinance in effect if it is passed and approved by the city council on its third reading but never published in a local newspaper?
 (2) Would the answer be any different if the ordinance was never signed by the mayor and city clerk?
 (3) Would the answer to the first question be any different if the ordinance passed and approved by the city council had an emergency clause?
 (4) If an ordinance is passed and approved by the city council as well as signed by the mayor and city clerk but never published in a local newspaper, could subsequent publication of the ordinance a number of years later cure any defect and put the ordinance into effect?
 (5) Would the answer to Question 4 be any different if the ordinance was never signed by the mayor or city clerk at the time of passage and approval by the city council but subsequently singed by the mayor and city clerk after a period of years and published in a local newspaper?
RESPONSE
Question 1 — Is an ordinance in effect if it is passed and approved bythe city council on its third reading but never published in a localnewspaper?
It is my opinion that a non-emergency ordinance[1] cannot go into effect if it is not published in a local newspaper (or posted, if the municipality does not have a local newspaper).
This issue is explicitly addressed in A.C.A. § 14-55-203, which states in pertinent part:
 (c) The effective dates for ordinances and other local measures of cities of the first class, cities of the second class, and incorporated towns shall be as follows:
 (1) Upon publication or posting as is otherwise required by law, but not before ninety-one (91) days after passage by the governing body of the city or town;
A.C.A. § 14-55-203(c)(1) (emphasis added).
The above-quoted statutory language is clear and unambiguous. Non-emergency city ordinances will not go into effect until they are published as required by law (and not before ninety-one days after passage).
Moreover, ordinances that are not published are deemed invalid and the Arkansas Supreme Court has held that later publication of such ordinances will not revive them.
In City of Fort Smith v. O.K. Foods, Inc., 293 Ark. 379, 738 S.W.2d 96
(1987), the city enacted an ordinance increasing sewer rates and began collecting the increased rates on October 1, 1983. However, the city failed to comply with certain pre-enactment hearing and publication requirements set forth in the statutes authorizing cities to enact ordinances establishing sewer rates. (See A.C.A. § 14-234-223.) The city also failed to comply with the generally-applicable post-enactment publication requirements of the statute now codified at A.C.A. §14-55-206. The current version of that requirement now states:
 (a)(1)(A) All bylaws or ordinances of a general or permanent nature and all those imposing any fine, penalty, or forfeiture shall be published in some newspaper published in the municipality.
 (B) In municipalities in which no newspaper is published, written or printed notice posted in five (5) of the most public places designated by the governing body in an ordinance or minutes of the governing body shall be deemed a sufficient publication of any law or ordinance.
 (2) It shall be deemed a sufficient defense to any suit or prosecution of such fine, penalty, or forfeiture to show that no notice was given as provided herein.
 (b) As to ordinances establishing rules and regulations for zoning, construction of buildings, the installation of plumbing, the installation of electric wiring, or other similar work, where such rules and regulations have been printed as a code in book form, the code or provisions thereof may be published by the municipality by reference to title of the code without further publication or posting thereof. However, no fewer than three (3) copies of the code shall be filed for use and examination by the public in the office of the clerk or recorder of the municipality subsequent to the adoption thereof.
A.C.A. § 14-55-206.
However, the city did publish the ordinance considerably later (on February 15, 1985). The Arkansas Supreme Court held that the city's failure to comply with both the pre-enactment hearing and publication requirements and the post-enactment publication requirements rendered the ordinance invalid. The court further held that city's later publication of the ordinance did not revive it. The ordinance was therefore never valid, and the court ordered a refund of all increased amounts paid pursuant to the ordinance. The court specifically noted that the procedural requirements for the passage of ordinances is mandatory and must be complied with in order for the ordinance in question to be valid. City of Ft. Smith, 293 Ark. at 384. Accord, Brooks,304 Ark. at 576, citing City of Benton v. Phillips, 191 Ark. 961,88 S.W.2d 828 (1936).
The court has continued to apply a strict compliance standard to the procedural requirements for the passage of city ordinances. See, e.g.,Phillips v. City of Eureka Springs, 312 Ark. 57, 847 S.W.2d 21 (1993) (finding ordinance invalid where published by private citizen rather than the city). See also Brooks v. City of Benton, 308 Ark. 571,826 S.W.2d 259 (1992) (reversing summary judgment upon finding genuine issue of fact as to whether ordinance was invalid because notice to public did not strictly comply with requirement of expressly stating the availability of a map and zoning regulations being incorporated into the ordinance by reference).
On the basis of the explicit language of A.C.A. § 14-55-203(c)(1), the mandatory language of A.C.A. § A.C.A. § 14-55-206, and the above-referenced judicial precedents, I conclude that a non-emergency ordinance that is not published as required by law cannot go into effect and is not valid.
Question 2 — Would the answer be any different if the ordinance was neversigned by the mayor and city clerk?
It is my opinion, on the basis of the precedents referenced in response to Question 1, that if the ordinance was never signed by the mayor and city clerk, it is not valid.[2]
The requirement that ordinances be signed by the mayor and city clerk is stated in A.C.A. § 14-55-205, as follows:
 All bylaws or ordinances after their passage shall be recorded in a book kept for that purpose and shall be authenticated by the signature of the presiding officer of the governing body and the clerk or recorder.
A.C.A. § 14-55-205.
The Arkansas appellate courts have not engaged in an analysis or interpretation of the language of A.C.A. § 14-55-205. It is my opinion that if the courts were to engage in such an analysis, they would take the same strict approach that the Arkansas Supreme Court took in the cases referenced in response to Question 1. That is, I believe that the courts would hold that because the above-quoted authentication requirement is stated in mandatory terms, it requires strict compliance, and a failure to comply strictly with this requirement will render an ordinance invalid. Accord, City of Corning v. Watson, 252 Ark. 1277,482 S.W.2d 797 (1972) (affirming lower court's ruling that ordinance incorporating map was invalid because map not authenticated as required by law).
Question 3 — Would the answer to the first question be any different ifthe ordinance passed and approved by the city council had an emergencyclause?
It is my opinion that if the ordinance in question contained an emergency clause but was not published, it did go into effect immediately upon passage. However, it cannot be enforced to impose a fine, penalty, forfeiture or deprivation of liberty or property until it has been published within a reasonable time. If the ordinance does not impose a fine, penalty, forfeiture or deprivation of liberty or property, it can be enforced prior to publication if it is published within a reasonable time. However, if the ordinance is "never" published (as indicated by your question), it is my opinion that it is not valid, for the reasons stated in response to Question 1.
The effective date of ordinances containing emergency clauses is set forth in A.C.A. § 14-55-203, as follows:
 (c) The effective dates for ordinances and other local measures of cities of the first class, cities of the second class, and incorporated towns shall be as follows:
* * *
 (3) An ordinance containing an emergency clause shall go into effect immediately upon passage or at the time specified by the emergency clause, regardless of publication or posting, but an emergency clause shall not be effective to impose any fine, penalty, forfeiture, or deprivation of liberty or property until after the ordinance has been published or posted as is otherwise required by law.
A.C.A. § 14-55-203(c)(3).
Moreover, Amendment 7 to the Arkansas Constitution states:
 Emergency — If it shall be necessary for the preservation of the public peace, health and safety that a measure shall become effective without delay, such necessity shall be stated in one section, and if upon a yea and nay vote two-thirds of all the members elected to each house, or two-thirds of all the members elected to city or town councils, shall vote upon separate roll call in favor of the measure going into immediate operation, such emergency measure shall become effective without delay. It shall be necessary, however, to state the fact which constitutes such emergency. Provided, however, that an emergency shall not be declared on any franchise or special privilege or act creating any vested right or interest or alienating any property of the State. If a referendum is filed against any emergency measure such measure shall be a law until it is voted upon by the people, and if it is then rejected by a majority of the electors voting thereon, it shall be thereby repealed. The provisions of this subsection shall apply to city or town councils.
Ark. Const., Am. 7.
It is clear from the language of Amendment 7 and A.C.A. § 14-55-203(c)(3) that emergency ordinances become effective immediately upon passage without regard to publication. However, it is also clear that such ordinances cannot be enforced to impose a fine, penalty, forfeiture or deprivation of liberty or property until they have been published.
A question thus arises as to whether an emergency ordinance that does not impose a fine, penalty, forfeiture or deprivation of liberty or property can be enforced prior to publication. Certain dicta of the Arkansas Supreme Court in Kemp v. Simmons, 244 Ark. 1052, 428 S.W.2d 59 (1968) seems to indicate that if the emergency ordinance is published within a reasonable time,[3] it can be enforced prior to publication if it does not impose a fine, penalty, forfeiture or deprivation of liberty or property. In Kemp, the court addressed the issue of whether an emergency ordinance to close part of a road had gone into effect before it was published. The court held that it had gone into effect, and stated:
 We do not imply that the adoption of an emergency clause dispenses with the necessity for publication, but the effectiveness of an emergency ordinance not providing for fine, penalty, or forfeiture should not be suspended until publication at least if it is published within a reasonable time.[4]
Id. at 1064 (emphasis added).
I therefore conclude that an ordinance containing an emergency clause goes into effect immediately upon passage. However, it cannot be enforced to impose a fine, penalty, forfeiture or deprivation of liberty or property until it has been published within a reasonable time. It can be enforced prior to publication for purposes other than to impose a fine, penalty, forfeiture or deprivation of liberty or property if it is published within a reasonable time. If the ordinance is never published, it is not valid.
Question 4 — If an ordinance is passed and approved by the city councilas well as signed by the mayor and city clerk but never published in alocal newspaper, could subsequent publication of the ordinance a numberof years later cure any defect and put the ordinance into effect?
It is my opinion, as indicated in the above discussion in response to Question 3, that an ordinance that is not published within a reasonable time is not valid and cannot be revived by later publication. As discussed in response to Question 1, the Arkansas Supreme Court so held in City of Fort Smith v. O.K. Foods, Inc., 293 Ark. 379, 738 S.W.2d 96
(1987). Again, the city in that case enacted an ordinance on October 1, 1983, but did not publish it until February 15, 1985. The court held that this later publication was insufficient to breathe life into the ordinance.
A factor that complicates this issue is that the statute that sets forth the publication requirement (A.C.A. § 14-55-206) does not state a time period during which publication must occur. The "within a reasonable time"dicta from Kemp, quoted previously in response to Question 3, is the best guidance available on the question of the time period during which publication of ordinances must occur. I therefore conclude, on the basis of that dicta and City of Ft. Smith, supra, that if an ordinance is not published within a reasonable time, it is not valid, and later publication of the ordinance will not suffice to render it valid.
The question of what constitutes a "reasonable time" is, in my opinion, a question of fact that will turn on the pertinent circumstances of each case.
Question 5 — Would the answer to Question 4 be any different if theordinance was never signed by the mayor or city clerk at the time ofpassage and approval by the city council but subsequently signed by themayor and city clerk after a period of years and published in a localnewspaper?
The Arkansas Supreme Court has not addressed this question, as applied to the authentication requirement. It is my opinion, however, that if the court were faced with the question, it would take the same "reasonable time" approach that it indicated in Kemp, supra, it would apply to the publication requirement.
The requirement that the mayor and clerk sign ordinances, as stated in A.C.A. § 14-55-205 (discussed previously in response to Question 2), is mandatory. However, as with the publication requirement, the statute does not state a time period during which this authentication is to occur. Although it is my opinion, as indicated previously, that a complete failure to have the ordinance authenticated as required by A.C.A. §14-55-205 will render the ordinance invalid, I believe that if the mayor and clerk sign an ordinance within a reasonable time, this will suffice to meet the authentication requirement. If they do not sign within a reasonable time, it is my opinion that the ordinance is not valid, and later signing of it will not revive it.
Again, the Arkansas Supreme Court has not addressed this issue, but the most analogous available authority (i.e., the dicta from Kemp and theCity of Ft. Smith decision, supra) indicates that the court would likely take this approach if faced with the issue. Pending further guidance from the court on this issue (or legislative clarification), it is my opinion that this is a reasonable interpretation of the requirement.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] Emergency ordinances are discussed in response to Question 3, infra.
[2] I interpret this question to indicate that the ordinance was neither signed nor published. My answer to this question would be the same even if it is assumed that the ordinance was published but not signed.
[3] As discussed in response to Question 4, infra, A.C.A. § 14-55-206, which establishes the publication requirement, does not state a specific time period during which publication of ordinances is to occur.
[4] It should be noted that Kemp was a 1968 case. The language of A.C.A. § 14-55-203(c) (which includes the limitation on effectiveness until publication) was not added to the statute until 2001.