The Honorable Jerry Bookout State Senator 1717 James Jonesboro, AR 72401
Dear Senator Bookout:
I am writing in response to your request for my opinion on the following question:
 Do counties and cities have the ability, under current law, to enter into an inter-local agreement for the purpose of requiring a business to pay personal property tax in order to obtain a privilege or business license from a city?
RESPONSE
In my opinion, the answer to your question is "no."
The Arkansas Code contains two separate provisions authorizing governmental entities to enter into interlocal agreements. One is the Interlocal Cooperation Act, A.C.A. §§ 25-20-101 through -108 (Repl. 2002 Supp. 2003), which authorizes such agreements among "public agencies" — a classification that includes political subdivisions of the state. A.C.A. § 25-20-103. With respect to the range of permissible agreements under this act, A.C.A. § 25-20-104(a) provides:
 Any governmental powers, privileges, or authority exercised or capable of exercise by a public agency of this state alone may be exercised and enjoyed jointly with any other public agency of this state which has the same powers, privileges, or authority under the law and jointly with any public agency of any other state of the United States which has the same powers, privileges, or authority, but only to the extent that laws of the other state or of the United States permit the joint exercise or enjoyment.
(Emphasis added.) Subsection 14-14-910(a) (Repl. 1998) further provides:
 Generally. The county court of each county may contract, cooperate, or join with any one (1) or more other governments or public agencies, including any other county, or with any political subdivisions of the state or any other states, or their political subdivisions, or with the United States to perform any administrative service, activity, or undertaking which any contracting party is authorized by law to perform.
(Emphasis added.)
As the highlighted passages quoted above reflect, the operative question in determining whether the proposed interlocal agreement is permissible is whether either a county or a city would have the authority on its own to condition the issuance of a city privilege or business license upon the payment of the proposed business' personal property tax. In my opinion, this question must be answered in the negative.
Chapter 77 of title 26 of the Code (Repl. 1997) sets forth the conditions for issuing municipal occupational taxes and licenses. Subsection26-77-102(a) provides:
 Any city council, board of commissioners, or board of aldermen of any municipal corporation in this state shall have the power to enact, by a two-thirds (2/3) vote of all members elected thereto, ordinances requiring any person, firm, individual, or corporation who shall engage in, carry on, or follow any trade, business, profession, vocation, or calling, within the corporate limits of the city or town, to pay a license fee or tax, except such persons, firms, individuals, or corporations who pay a tax to the city, town, or state on gross incomes or premium incomes and except their agents.
In City of Mountain Home v. Drake, 281 Ark. 336, 338, 663 S.W.2d 738
(1984), the court described the occupation tax as follows:
 [T]he authority to impose an occupation licensing fee is expressly delegated to the city by the legislature under Ark. Stat. Ann. 19-4601 [now A.C.A. § 26-77-102], which gives cities the right to classify and define any trade, business profession, or calling and to fix the amount any person, firm, or corporation shall pay for the privilege of doing business based on the amount of goods carried in stock, or the kind of vocation, but prohibits classification based on earnings or income.
Nothing in this summary or in the text of the statute it construes suggests that the legislature delegated to cities the authority to condition the issuance of a business license upon the applicant's having paid its personal property tax. In determining whether any such delegation might be implied, I must consider the following principles. Municipal corporations derive their legislative powers from the general laws of the state. Ark. Const. art. 12, § 4. A municipality has no powers except those expressly conferred by the legislature, and those necessarily or fairly implied as incident to or essential for the attainment of the purpose expressly declared. City of Lowell v. M N Mobile Home Park,Inc., 323 Ark. 332, 336, 916 S.W.2d 95, 97 (1996). The Supreme Court restated the restrictions on the scope of activities of municipalities inBurke v. Elmore, 341 Ark. 129, 132-33, 14 S.W.3d 872 (2000):
 This court has often stated that municipalities are creatures of the legislature and as such have only the power bestowed upon them by statute or by the Arkansas Constitution. Jones v. American Home Life Ins. Co., 293 Ark. 330, 738 S.W.2d 387 (1987). See also City of Ft. Smith v. O.K. Foods, Inc., 293 Ark. 379, 738 S.W.2d 96 (1987); City of Little Rock v. Cash, 277 Ark. 494, 644 S.W.2d 229 (1982). Additionally, this court has held that any substantial doubt concerning the existence of a power in a municipal corporation must be resolved against the City. Recently, this court summarized what powers can be exercised by a municipality:
 Cities have no inherent powers and can exercise only (1) those expressly given them by the state through the constitution or by legislative grant, (2) those necessarily implied for the purposes of, or incident to, these express powers and (3) those indispensable (not merely convenient) to their objects and purposes.
 Cosgrove v. City of West Memphis, 327 Ark. 324, 326, 938 S.W.2d 827, 828 (1997).
Applying these principles, I must conclude that cities lack the authority to condition the issuance of a business license upon the applicant's establishing that it is current in the payment of its personal property taxes. Moreover, nothing in subtitle 2 of title 14 of the Code, which sets forth the county government code, suggests that a county could impose such a condition upon a city. Accordingly, I believe the interlocal agreement described in your request would be unauthorized under current law.
In offering this opinion, I am struck by the contrast between the absence of specific statutory authority to condition the grant of business licenses upon the payment of personal property tax and the explicit statutory authority for conditioning the registration of motor vehicles upon the payment of personal property tax. The General Assembly has enacted specific legislation imposing this condition precedent upon the registration of vehicles. See A.C.A. §§ 26-26-706 and -1401. It has not chosen to do so with respect to the issuance of business licenses. I do not believe the General Assembly has indirectly authorized political subdivisions to do so by interlocal agreement.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh